Maria **MORENO**, Plaintiff-Appellant,

v.

Bartley **COLLINS**, Defendant-Appellee.

No. 15581.

United States Court of Appeals
Seventh Circuit.

June 9, 1966.

Howard T. Goffen, Jonas, Goffen & Steffens, Chicago, Ill., for appellant.

William J. McNamara, Oak Park, Ill., for appellee.

Before HASTINGS, Chief Judge, DUFFY, Circuit Judge, and BEAMER, District Judge.

PER CURIAM.

Maria Moreno, the widow of Isidor Moreno, and the mother of Mark Moreno, aged three, is a citizen and resident of Texas. She brought a suit in the United States District Court for the Northern District of Illinois against Bartley E. Collins, a citizen of Illinois. The complaint sought damages for the wrongful death of Isidore Moreno allegedly caused by Collins' negligence which resulted in the fatal automobile accident.

On October 18, 1965, Eduardo E. de Ases, attorney at law of Corpus Christi, Texas, filed the above complaint in the United States District Court for the Northern District of Illinois. The summons was issued on October 19, 1965, but not served until December 29, 1965.

Pursuant to the rules of the District Court, Attorney de Ases, on December 7, 1965, retained local counsel. The Court entered an order on December 22, 1965, permitting Attorney Howard T. Goffen of Chicago to appear as associate counsel for plaintiff.

On December 22, 1965, and on subsequent occasions, local counsel checked with the United States Marshal and was informed that the defendant still had not been served, but that additional attempts would be made.

On January 13, 1966, Attorney William McNamara of the Illinois Bar informed plaintiff's local counsel that the defendant had been served with process on December 29, 1965, and that he, McNamara, would appear on his behalf. McNamara filed his appearance on January 17, 1966.

McNamara then prepared and sent to local counsel for plaintiff a stipulation for an extension of time to answer the complaint. Plaintiff's local counsel signed the stipulation and returned it to defendant's attorney, on January 20, 1966.

Although the cause was not at issue and process had been served on defendant only twenty-one days earlier, the District Court, on January 20, 1966, called the case on the status call. Plaintiff's local counsel was not aware that the case was on the status call for that date and did not appear.

When the case was called, the Judge remarked it was a strange case, filed by a Texas attorney with no summons filed, no return, and no lawyer appearing for the plaintiff. The Judge, sua sponte, directed the case to be dismissed for want of prosecution. The Judge was unaware that the summons had been served since the United States Marshal had not yet placed the return summons with the clerk.

On January 24, 1966, plaintiff's local counsel received notice that the case had been dismissed. He immediately telephoned defendant's attorney who agreed to sign a stipulation to reinstate the case. Local counsel for plaintiff prepared a stipulation to that effect and mailed it to defendant's attorney on January 24. Later, defendant's attorney stated he could not sign the stipulation as he had some doubt whether the statute of limitations had run.

On January 28, 1966, local counsel for plaintiff received his initial notification

from the United States Marshal that the defendant had, in fact, been served.

On February 1, 1966, the attorneys for plaintiff presented a verified petition to the District Court asking that the order of dismissal be vacated and that the cause of action be reinstated.

When the petition came on for hearing, the District Judge pointed out that notice as to the status call had been printed in the Chicago Law Bulletin. The Court denied the motion to reinstate the cause and later denied a motion to reconsider.

No attack is made on the validity of the District Court's rules involved here. Rule 7 contains the requirement for local counsel; Rule 21 provides that notice of court calls shall be by publication in the Chicago Daily Law Bulletin, and that an order of dismissal for want of prosecution may be entered if counsel fails to respond to a call.

In Sandee Manufacturing Company v. Rohn and Haas Co., 7 Cir., 298 F.2d 41, which concerned an order for dismissal of the cause for want of prosecution, we pointed out that each case must be looked at with regard to its own peculiar procedural history.

It is, indeed, a high penalty for an innocent party to have her suit dismissed because her associate counsel, in a distant city, did not check with the Law Bulletin calendar at the very early stages of the case.

In Barber v. Turberville, 94 U.S.App. D.C. 335, 218 F.2d 34, 36, the Court said: "In situations such as are here disclosed, the courts have been reluctant to attribute to the parties the errors of their legal representatives."

We do not know why the Marshal did not promptly file the proof of service. Had he done so, the District Court might well have declared the defendant to be in default. It is apparent that this is a case where the District Judge was not advised as to all of the pertinent facts.

The order of the District Court appealed from is reversed and the cause remanded to the District Court with directions that the cause of action, No. 65–C–1724, be reinstated upon the court calendar, and that orders dismissing same and refusing to reconsider such orders, be vacated.

Reversed and remanded.