**Otis C. TOLBERT, Plaintiff-Appellant,**

v.

**Elliott LEIGHTON, Defendant-Appellee.**

No. 78–1038.

United States Court of Appeals, Ninth Circuit.

May 29, 1980.

Otis C. Tolbert, in pro per.

Elliott Leighton, in pro per.

Before ELY, TRASK and CHOY, Circuit Judges.

CHOY, Circuit Judge:

The district court, finding that Tolbert had failed to prosecute his legal malpractice suit, dismissed the action with prejudice. *See* Fed.R.Civ.P. 41(b). We reverse.

Tolbert's only offense was failing to appear at a status conference set for a date less than seven months after the complaint was filed. The record indicates that Leighton and his attorney did not appear at the conference either. (Indeed, they apparently have not participated in the case in any way either in the district court or here.)

*Sua sponte* dismissals for failure to prosecute will be affirmed unless the district court abused its discretion. *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). In *Link*, the Supreme Court upheld such a dismissal for failure to attend a pretrial conference in a case already six years old, where there was evidence that the plaintiff "had been deliberately proceeding in dilatory fashion." *Id.* But the Court made clear that it was not deciding "whether unexplained absence from a pretrial conference would *alone* justify a dismissal with prejudice if the record showed no other evidence of dilatoriness on the part of the plaintiff." *Id.* at 634, 82 S.Ct. at 1391.

The question that *Link* reserved is before us today. Other courts of appeals have held that such an absence, alone, does not justify the drastic sanction of dismissal. *Moreno v. Collins*, 362 F.2d 176 (7th Cir. 1966) (counsel missed status call three months after complaint filed); *Meeker v. Rizley*, 324 F.2d 269 (10th Cir. 1963) (out-of-state plaintiff, pro

se, missed pretrial conference three months after complaint filed); *accord, Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.) (counsel twice failed to appear at or send prepared substitute to pretrial conferences, and was guilty of other delay, in case less than a year old; dismissal was abuse of discretion), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).

 We agree that it is an abuse of discretion to dismiss a plaintiff's case for failure to prosecute where (1) the *only* evidence of dilatoriness is his or his attorney's failure to attend a pretrial conference; (2) the court has not warned that failure to attend will create a risk of dismissal; and (3) the case is still "young."

Especially where one or more of these factors is present, before dismissing a case a district court must consider some of the less drastic alternative sanctions at its disposal. *Anderson v. Air West, Inc.*, 542 F.2d 522, 525–26 (9th Cir. 1976); *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1053–54 (9th Cir. 1971), *cert. denied*, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972); *see Industrial Building Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir. 1970). There is no indication that the district court here did so; necessarily, then, the court failed to exercise any discretion in choosing among the alternatives.

Nothing in this opinion should deter district courts from entering orders of dismissal if, after weighing the applicable law and policies, the facts of the case, and the alternatives to dismissal, they determine in the exercise of their sound discretion that dismissal is warranted. *See generally United States v. Sumitomo Marine & Fire Insurance Co.*, 617 F.2d 1365 (9th Cir. 1980) (preclusion order, equivalent to dismissal, entered under Fed.R.Civ.P. 37(b) for violation of discovery orders); *Citizens Utilities Co. v. AT&T*, 595 F.2d 1171 (9th Cir.) (dismissal under Fed.R.Civ.P. 41(b)), *cert. denied*, 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979). Under the present case's circumstances, however, dismissal for failure to prosecute was an abuse of discretion.

REVERSED.