Bernadine RAIFORD, Plaintiff-Appellant,

v.

Stanley POUNDS, in his capacity as a Police Officer of the City of Portland, Oregon, and V. J. Convey, in her capacity as a Police Officer of the City of Portland, Oregon, Defendants-Appellees.

No. 79–4417.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1981.

Decided Feb. 23, 1981.

Curtis G. Oler, San Francisco, Cal., for plaintiff-appellant.

Ronald E. Bailey, Portland, Or., on brief; James G. Driscoll, Bullivant, Wright, Leedy, Johnson, Pendergrass, Hoffman, Portland, Or., argued, for defendants-appellees.

Before CHOY, KENNEDY and FERGUSON, Circuit Judges.

PER CURIAM:

Plaintiff filed a civil rights action against two members of the Portland Police Department on March 27, 1978. On June 6, the magistrate overseeing trial preparation entered an order directing plaintiff to file a pretrial order by November 1.

On August 19, 1978, Curtis Oler, plaintiff's out-of-state counsel, filed a motion and supporting affidavit pursuant to local rules governing participation by out-of-state attorneys. Following a hearing, the district court issued an order permitting Oler's participation in the case. That order placed primary responsibility for the conduct of the case on Keith Raines, plaintiff's local counsel.

On November 17, 1978, the magistrate wrote to Raines indicating that the pretrial order was past due. He requested a written status report. Receiving no response, the magistrate issued a notice on December 13 stating that he would recommend dismissal pursuant to Fed.R.Civ.P. 41(b) unless a written explanation of the failure to file the pretrial order was received by December 29. Subsequent to a phone call from Raines, the time for filing the pretrial order was extended to February 1, 1979. On February 9, 1979, the magistrate recommended dismissal of plaintiff's action. The pretrial order was filed on February 23. On March 9, 1979, the case was dismissed *sua sponte* for failure to prosecute.

Plaintiff appeals the dismissal of her civil rights action, arguing that dismissal was too harsh a sanction. Plaintiff also appeals the district court's order denying out-of-

state counsel the opportunity to act as lead counsel in the trial of her action. She claims this order denied her adequate legal representation.

## I. DISMISSAL

Although we sympathize with the district court's frustration at the dilatory manner in which the instant case was prosecuted, and understand the need to impose sanctions to promote the efficient functioning of the courts, we nevertheless reverse the order dismissing the action so that lesser penalties may be imposed.[1]

Because dismissal is so harsh a penalty, it should be imposed only in extreme circumstances. *Industrial Bldg. Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336 (9th Cir. 1970). Dismissals have been reversed when the district court failed to consider less severe penalties. *See, e. g., Tolbert v. Leighton*, 623 F.2d 585, 587 (9th Cir. 1980); *Industrial Bldg. Materials* at 1339. Especially when a case is still young, "a district court must consider ... less drastic alternative sanctions" before dismissing. *Tolbert* at 587.

Plaintiff's case was not quite a year old at the time the dismissal order was entered. Plaintiff complied with the magistrate's request for a pretrial order twenty-two days after the order was due and fourteen days before the case was dismissed. The only prejudice claimed by defendants is the aggravation of their anxiety and the continued "fading" of their witnesses' memories. Under these circumstances, the district court abused its discretion in dismissing plaintiff's case. *Id.* at 586.

## II. PARTICIPATION OF OUT–OF–STATE COUNSEL

In light of Oler's failure to comply with local rules in fifteen other cases, the district court required that Raines act as lead attorney. Oler was permitted to draft documents, sit at the counsel table, assist in

---

1. The court, for example, may wish to consider the issuance of an order to show cause why disciplinary proceedings should not be taken against the attorneys involved.

examination of witnesses and argue before the court. The only alteration in normal attorney-client relations was the requirement that Raines be present at every appearance.

 Admission to a state bar does not carry with it the right to appear before a district court. *In re Rappaport*, 558 F.2d 87, 89 (2d Cir. 1977). A district court has broad discretion concerning admission to practice before it. *Lefton v. City of Hattiesburg*, 333 F.2d 280, 285 (5th Cir. 1964). This discretion is limited in that it may not be exercised to abridge the rights of litigants. *Id.*

 No case has been cited in which a limitation such as the one imposed here was held to deny a party her right to legal representation. Nothing in the district court's order prevented Oler from effectively representing his client. If the association with Raines was unsatisfactory, Oler was free to recommend that other counsel be substituted, or to take over prosecution of the case to the extent permissible under the district court's order. Under that order, it was permissible for Oler to draft and submit the pretrial order which was the source of the delay in prosecuting his client's case. We find no error in this aspect of the court's ruling.

## III. CONCLUSION

The order dismissing plaintiff's action is REVERSED. The order limiting Oler's participation is AFFIRMED. The parties shall bear their own costs in this appeal.