875 F.2d 318
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 E. Drayson HELMER, Plaintiff-Appellant/Cross-Appellee,
v.
Daniel BRANDANO and United States Associated Rent A Car
System, Inc., Defendants-Appellees/Cross-Appellants.
 Nos. 88-5930, 88-5974.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1989.
Decided May 18, 1989.
 Before SNEED, REINHARDT and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 E. Drayson Helmer, who brought two actions against Daniel Brandano and several other defendants, appeals from a dismissal with prejudice of several of his claims for lack of prosecution. Brandano cross-appeals from a judgment awarding wages, liquidated damages, costs, and attorney's fees to Helmer under Sec. 6, Sec. 7, and Sec. 16 of the Fair Labor Standards Act (FLSA), 29 U.S.C. Secs. 206, 207, 216 (1982 & Supp. IV 1986). We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 On March 1, 1985, Brandano hired Helmer to work in his airport rental car reservation business which operated as the United States Associated Rent A Car System, Inc. (the Company). Their oral agreement provided that Helmer would receive $300 net per week for a regular forty-hour work week. Helmer worked for Brandano for seventeen weeks and one day, starting on March 19, 1985, and ending on July 17, 1985. During this period he worked eight hours of overtime each weekend for a total of 136 hours. Helmer, however, did not receive his full pay for his regular work and did not receive any pay for his overtime work.
 
 
 4
 Helmer alleges another wrong by Brandano. He maintains that, at approximately the same time that he began working, he contracted to sell his own "rent a car" reservation business to Brandano and the Company. However, according to Helmer, Brandano appropriated the assets of the business without paying for them. These assets allegedly included "four airline computer agreements, 90 rent a car operations, a nationwide network system of telephones," and various other contracts. Helmer has not described these assets with much specificity, but has alleged that their value exceeds $10,000.
 
 
 5
 On January 16, 1986, Helmer, in propria persona, filed a complaint in the United States district court below against Brandano, the Company, and several other parties. Helmer asked for his unpaid regular and overtime wages under 29 U.S.C. Secs. 206(d)(3), 207(a)(1), and for damages for the breach of his employment contract. Helmer, again in propria persona, filed a second complaint which pertained to the alleged sale of his car rental business and which, as amended on March 3, 1986, asked for declaratory relief against Brandano and the Company.
 
 
 6
 The district court, after numerous delays, scheduled a pretrial conference for November 23, 1987. On November 18, 1987, perhaps to avoid sanctions that the court had threatened, Helmer asked for a dismissal without prejudice of all of his claims, except those for unpaid wages, and of all defendants, except the Company. On November 23, 1987, the district court held the pretrial conference and made all of the requested dismissals with prejudice. The court did not explain why it dismissed the claims with prejudice when Helmer had requested dismissal without prejudice.[1]
 
 
 7
 On January 4, 1988, Helmer ceased to represent himself and the district court substituted attorney Harvey A. Schneider as counsel of record. On February 2, 1988, the trial began and the court restored Brandano as a defendant, finding that Helmer inadvertently had requested his dismissal. Helmer testified in the trial that Brandano had paid him $4200 for fourteen weeks of regular work at a net rate of $300 per week. He stated, however, that Brandano had failed to pay him for three weeks and one day of regular work and had failed to pay him at all for his 136 hours of overtime. On the basis of a rather vague conversation with the IRS, Helmer also testified that he had a gross (pre-tax withholding) salary of $401.25 per week. Brandano produced testimony that the business had told Helmer that he was merely a consultant and not an employee and that it was not withholding taxes for him. Brandano also produced thirteen checks for $300 and one check for $636 made to and indorsed by Helmer.
 
 
 8
 The district court ruled that Brandano had hired Helmer as an employee for the purposes of the FLSA. Using his $300 per week net wage and his testimony concerning the IRS, the district court then determined that Helmer's gross regular wages should have been $400 per week (which equals $80 per day or $10 per hour), and that his gross overtime wages should have been $15 per hour (which is one and one-half times $10 per hour). See 29 U.S.C. Sec. 207(a) (1982) (setting overtime wages at one and one-half times regular wages). The court then held Brandano liable to Helmer for $1280 in gross regular wages (3 weeks @ $400 plus 1 day @ $80 = $1280) under Sec. 206(d)(3), and $2040 in overtime pay (136 hours @ $15 = $2040) under Sec. 207(a). The court did not "gross up" the net wages that Helmer already had received from Brandano because it had no evidence that Helmer had paid taxes on the wages.
 
 
 9
 The court also held Brandano liable under Sec. 216(b) for an additional $3320 in liquidated damages (which equals his liability for regular and overtime wages) and for $388 in prejudgment interest, bringing the judgment to $7,028.00. The court then awarded Helmer $8,283.50 in attorney's fees, even though the award exceeded Helmer's other recovery and even though Helmer's counsel had agreed to accept a flat rate of $5000. The court imposed no liability on the Company, but ordered it to bear its own costs.
 
 
 10
 Helmer appeals the district court's dismissal of his nonwage claims with prejudice, but he does not appeal the dismissal of any parties. Brandano cross-appeals, maintaining that the district court erred in finding that it only had paid Helmer $4200, in finding that Helmer had a gross wage of $400 per week, and in awarding Helmer more that $5000 in attorney's fees. The Company joined Brandano's notice of appeal to challenge the decision that it should bear its own costs. The Company, however, no longer presses the claim. Helmer, in his reply brief, asks for additional attorney's fees for defending his judgment on appeal.
 
 II.
 JURISDICTION
 
 11
 The district court had federal question jurisdiction over Helmer's first action under 28 U.S.C. Sec. 1331 (1982) and the Fair Labor Standards Act, 29 U.S.C. Secs. 201-219 (1982 & Supp.IV 1986). The district court had diversity jurisdiction over Helmer's declaratory action under 28 U.S.C. Sec. 1332 and Sec. 2201.[2]
 
 III.
 STANDARDS OF REVIEW
 
 12
 We must review for abuse of discretion the district court's decision to dismiss Helmer's claims for lack of prosecution. See Henderson, 779 F.2d at 1423. The district court's findings with respect to Helmer's receipts and gross wages must be sustained unless clearly erroneous. See Fed.R.Civ.P. 52(a). The abuse of discretion standard governs the amount of attorney's fees awarded to Helmer under 29 U.S.C. Sec. 216(b) (1982). See Newhouse v. Robert's Ilima Tours, Inc., 708 F.2d 436, 441 (9th Cir.1983).
 
 IV.
 
 13
 DISMISSAL OF HELMER'S NON-WAGE CLAIMS WITH PREJUDICE
 
 
 14
 As to whether the district court abused its discretion in dismissing Helmer's nonwage claims with prejudice, each of the parties have set forth a large number factors that they find relevant to the court's decision. Helmer, on one hand, argues that the district court should not have dismissed the claims with prejudice because: (1) Helmer was acting in propria persona at the time and could not prosecute the claims; (2) Helmer voluntarily moved for dismissal without prejudice; (3) Brandano did not object to dismissal without prejudice; (4) the dismissal did not prejudice Brandano, see Nealey v. Transportacion Maratima Mexicana, S.A., 662 F.2d 1275, 1279-80 (9th Cir.1980) (considering prejudice one of the key factors for determining the appropriateness of a dismissal); Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir.1981) (per curiam) (same); (5) the district court could have considered a less drastic alternative such as requiring Helmer to be ready for trial at a certain date, see Raiford, 640 F.2d at 945; and (6) the district court provided no notice that it might dismiss the claims with prejudice.
 
 
 15
 Brandano, on the other hand, argues that the court did not abuse its discretion in dismissing the claims with prejudice because: (1) Helmer had caused numerous delays by filing wasteful motions and defaulting; (2) the court on several occasions had threatened to dismiss the case for lack of prosecution; (3) the dismissal took place late in the proceedings; (4) Helmer only asked to have Brandano reinstated as a defendant when he first sought relief from the dismissal; (5) Helmer invited dismissal with his motion; (6) even if the district court had not dismissed the claims, Helmer would have lost on the merits because he was not prepared for trial; (7) the pretrial conference order, which Helmer signed, shows that he did not want to litigate the claims; (8) courts have dismissed claims with prejudice in less deserving situations, see, e.g., Shaffer v. Evans, 263 F.2d 134, 135 (10th Cir.1958) (per curiam) (action not set for trial after only six months), cert. denied, 359 U.S. 990 (1959); (9) the court tried to order Helmer to be ready for trial within a reasonable time but realized that Helmer would not comply; (10) Brandano will suffer prejudice by having to go through the expense of a separate trial on claims arising out of the same transaction; and (11) Brandano's failure to object to Helmer's motion to dismiss without prejudice was because he had only three business days of notice to react to it.
 
 
 16
 The district court had a difficult task in balancing these considerations. Some things are clear, however. Although Helmer can reply effectively to some of Brandano's statements, such as that about the pretrial conference order, and while Brandano does not address all of Helmer's contentions, such as that Helmer needed special treatment because he was acting in propria persona, it remains true that Helmer has not eliminated many of the factors strongly weighing in favor of dismissal with prejudice. Therefore, because discretion embodies the right to choose between two or more permissible alternatives, we uphold the district court's decision. Certainly dismissal either with or without prejudice was a permissible alternative.
 
 V.
 FACTUAL FINDINGS ABOUT HELMER'S EARNINGS
 
 17
 Brandano, in his cross-appeal, challenges two of the district court's findings of fact. First, he contests the amount of money that he paid Helmer. The evidence at trial, as noted above, showed that Helmer had received thirteen checks for $300 and one check for $636, making a total of $4536. This exceeds the amount that Helmer said that Brandano paid him (i.e., $4200) by $336. Helmer, however, has pointed to testimony suggesting that the $636 check represented a combination of Helmer's standard salary ($300) and a reimbursement of costs ($336). This evidence prevents us from holding that the district court's finding of the fact was clearly erroneous.
 
 
 18
 Second, Brandano contends that the district court had no basis for finding that Helmer had a gross wage of $400 per week. He argues, initially, that Helmer did not have a gross wage distinct from his net wage because Helmer never asked to have any taxes withheld. Brandano maintains, in the alternative, that even if he should have withheld taxes, Helmer produced no proper evidence, such as a W-4 Form, showing how to gross up Helmer's $300 net wage.
 
 
 19
 We nevertheless uphold the district court's findings. The district court specifically ruled that Helmer was an employee. Brandano has not appealed this ruling. The court then determined, on the basis of Helmer's testimony that Brandano promised to pay him $300 per week as a net salary. As an employee who agreed to accept a net amount of pay, Helmer could expect Brandano to withhold certain taxes. Although Helmer admits that the $400 figure for his gross wages is only an estimation, Brandano has produced no evidence showing it clearly erroneous. The FLSA permits a trier of fact to draw reasonable inferences about the amount of damages, once the employee has shown liability, when the employer cannot provide accurate figures. See Brock v. Seto, 790 F.2d 1446, 1448-49 (9th Cir.1986). The $400 figure was reasonable.
 
 VI.
 THE ATTORNEY'S FEE
 
 20
 Although the district court considered Helmer's agreement to pay his attorney only $5000, it awarded $8,283.50 in attorney's fees. Brandano objects to this decision because he feels that it will provide either Helmer or his attorney with a windfall. The section of the FLSA authorizing the payment of attorney's fees, however, merely states that, in an action to recover wages, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. Sec. 216(a). Obviously the amount of the prearranged fee is relevant to the determination of reasonableness, but the statute does not make it controlling.
 
 
 21
 We have not considered the effect of a fee agreement on a fee award under the FLSA. However, in considering a fee award under a civil rights statute, 42 U.S.C. Sec. 1988 (1982), we have said: "[An] award ... cannot be deemed excessive because it allowed a higher fee than set by agreement between the [plaintiff] and its attorneys. The statute authorizes payment of a reasonable fee, not the fee agreed upon by the parties and their attorney. The fee agreed upon is therefore not decisive." Manhart v. City of Los Angeles, Dep't of Water & Power, 652 F.2d 904, 909 (9th Cir.1981), vacated on other grounds, 461 U.S. 951 (1983). The Supreme Court itself recently adopted this position in Blanchard v. Bergeron, 109 S.Ct. 939, 946 (1989). We see no reason why the reasoning used by these courts also should not apply to fees awarded under 29 U.S.C. Sec. 216(a). So long as the amount of fees is reasonable and in fact constitutes fees, and not additional recovery by the plaintiff, the amount of fees fixed by contract between the attorney and his client should not impose a ceiling on an award of fees authorized by a statute such as 29 U.S.C. Sec. 216(a).
 
 
 22
 Helmer argues, finally, that, under the FLSA, an award of attorney's fees may include fees for appellate services. See Newhouse, 708 F.2d at 441. He also argues that the fee may cover time spent litigating attorney's fees. See Rosenfeld v. Southern Pac. Co., 519 F.2d 527, 530 (9th Cir.1975) (upholding an award of attorney's fees for such time under a civil rights statute). We agree with both contentions. Thus, Helmer should request fees for defending his judgment against the cross-appeal by Brandano in accordance with 9th Cir.R. 39-1.6.
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record also does not make entirely clear the exact basis of the dismissal. From the cases that the parties refer to in their briefs, however, they seem to have adopted the interpretation that the court dismissed the claims for Helmer's failure to prosecute them. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986) ("[A] district court has inherent power sua sponte to dismiss a case for lack of prosecution."); Fed.R.Civ.P. 41(b)
 
 
 [2]
 Congress recently raised the amount in controversy requirement in diversity cases to $50,000, but the change applies only to actions commenced 180 days after November 19, 1988. See Judicial Improvements and Access to Justice Act, Pub.L. No. 100-702, Sec. 201, 102 Stat. 4642, 4646 (1988) (amending 28 U.S.C. Sec. 1332). Helmer is a California citizen and Brandano and the Company are Massachusetts citizens. Helmer's first action originally included a defendant from California, but the district court dismissed him