959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary SHIPP, Plaintiff-Appellant,
v.
MADERA COUNTY, et al., Defendant-Appellee.
 No. 91-15574.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Shipp appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action with prejudice for failure to participate in a telephonic status conference. We have jurisdiction under 28 U.S.C. § 1291, and we review for an abuse of discretion. See Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986). We vacate and remand.
 
 
 3
 In July 1990, Shipp filed a section 1983 action alleging acts by the defendants of religious persecution in the form of denial of process, false imprisonment, mental anguish, and starvation during the term of his incarceration. A status conference was scheduled in the action for October 25, 1990. Pursuant to Shipp's request, the status conference was to be held telephonically. Shipp, however, failed to telephone the court on the scheduled date. On October 31, 1990, the magistrate issued a report recommending the dismissal of Shipp's action with prejudice for failure to comply with a court order because he did not telephone the court on October 25, 1990. The district court adopted the magistrate's recommendation and dismissed Shipp's action with prejudice on January 4, 1991. On January 11, 1990, Shipp filed a motion to vacate or amend the district court's order pursuant to Fed.R.Civ.P. 59(e). The district court denied Shipp's Rule 59(e) motion on February 28, 1991. Shipp timely appealed.
 
 
 4
 Below, Shipp stated that in observance of a mandatory religious celebration, he was in a wilderness area on the date set for the telephonic status conference. Shipp asserted that although he attempted to call the court, and planned in advance to do so, no phones were available on that date.
 
 
 5
 District courts have the inherent power to manage their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. Hamilton v. Copper & Steel Corp. v. Primacy Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990). Because dismissal is a harsh penalty, it should only be imposed in extreme circumstances. Thompson, 782 F.2d at 831.
 
 
 6
 Of the factors that our circuit has advised district courts to consider before resorting to the penalty of dismissal, the two that are decisive here are the failure to consider less drastic sanctions, and the lack of warning of imminent dismissal of the case. Oliva v. Sullivan, 89-15619, slip. op. at 2064 (9th Cir. March 3, 1992). "In cases involving sua sponte dismissal of an action, rather than dismissal following a noticed motion under Rule 41(b), Fed.R.Civ.P., there is a closer focus on these considerations." Id. (citing Hamilton Copper & Steel, 898 F.2d at 1428, Morrison v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991). Where the district court does not consider these factors, we independently review the record to determine whether the dismissal was an abuse of discretion. Id. (citation omitted).
 
 
 7
 The record does not indicate that the district court considered sanctions less drastic than dismissal. "A district court 'abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions.' " Id. at 2065. "While the explicit discussion of alternative sanctions is not always necessary, ... this case does not present the egregious circumstances, or the court's use of less drastic measures prior to dismissal that obviate the need for explicit discussion of alternatives." Id.
 
 
 8
 Additionally, the district court failed to warn Shipp, a pro se litigant, of the imminent dismissal of his case. "The district court has an obligation to warn the plaintiff that dismissal is imminent." Id. (citing Johnson v. United States Dept. of the Treasury, 939 F.2d 820, 825 (9th Cir.1991), Hamilton v. Neptune Orient Lines Ltd., 811 F.2d 498, 500 (9th Cir.1987), Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir.1984)). Nothing in the record shows that Shipp was on notice that his case would be dismissed. " 'Failure to warn has frequently been a contributing factor in our decisions to reverse orders of dismissal.' " Oliva, 89-15619, slip. op. at 2065 (quoting Malone v. United States Postal Serv., 833 F.2d 128, 140 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 9
 The sole reason the district court dismissed Shipp's action was Shipp's failure to participate in a telephonic status conference scheduled three months after Shipp filed his action in the district court. This court has previously held that it is an abuse of discretion to dismiss a plaintiff's case for failure to prosecute where the only evidence of dilatoriness is his or his attorney's failure to attend a status conference if the court has not warned that the failure to attend will create a risk of dismissal, and the case is still young. Tolbert v. Leighton, 623 F.2d 585, 587 (9th Cir.1980). Given the fact that Shipp's action had been pending only three months before the telephonic conference, along with the district court's failure to warn Shipp of the imminent dismissal of his action, and its failure to consider less drastic alternatives, we cannot uphold the district court's sua sponte dismissal of this case, or the district court's denial of Shipp's Rule 59(e) motion. See Oliva, 89-15619, slip. op. at 2066; Tolbert, 623 F.2d at 587. In reaching this decision, we also considered that two other factors weighed against dismissal: the fact that the defendants have not alleged prejudice and the public policy favoring the disposition of cases on the merits. See Thompson, 782 F.2d at 831 (discussing the other factors that district courts are required to weigh before imposing the sanction of dismissal). Accordingly, we vacate and remand for further proceedings consistent with this decision.
 
 
 10
 VACATED AND REMANDED.
 
 O'SCANNLAIN, Judge, dissenting:
 
 11
 I dissent. See Malone v. United States Postal Serv., 833 F.2d 128 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3