967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
METRO MOBILE CTS, INC., and Metro Mobile Cts of Phoenix,
Inc., Plaintiffs-Counter-defendants-Appellees,
v.
NEWVECTOR COMMUNICATIONS, INC., and Newvector Retail Service
Inc., Defendants-Counter-claimants-Appellants.
 No. 91-15634.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 15, 1992.
Decided June 8, 1992.
As Amended on Denial of Rehearing
Aug. 24, 1992.
 
 Before FERGUSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Upon review of the record, we find little or no prejudice resulting from NewVector's four-year delay. First, the evidence of prejudice all relates to events that occurred less than a year after NewVector's counterclaims were filed. See Nealey v. Transportation Maritima Mexicana, S.A., 662 F.2d 1275, 1280-81 (9th Cir.1980). Second, the district court's reliance on the fact that the whereabouts of witnesses Sellers and Wheeler were unknown was misplaced: Metro admitted at the motion to dismiss hearing that it had managed to locate the two gentlemen. See Reporter's Transcript, July 16, 1990, at 6.[1] Third, Metro cannot show prejudice by the fact that several of its key witnesses no longer work for it. Witnesses swear to tell the truth under penalty of perjury; that they are no longer economically affiliated with Metro is irrelevant to the value of their testimony.
 
 
 3
 We also note that while the delay was lengthy, it does not appear to have been the result of bad faith or NewVector's abandonment of the litigation. See Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 499 (9th Cir. 1987); Nealey, 662 F.2d at 1280. NewVector has offered a perfectly plausible explanation for its failure to take any action while Metro's appeal was pending.
 
 
 4
 We also find relevant that Metro appears to have acquiesced in the delay. It never advised NewVector that the delay was prejudicial. "[O]nly unreasonable delay will support a dismissal for lack of prosecution, and unreasonableness is not inherent in every lapse of time." Nealey, 662 F.2d at 1280 (emphasis in original) (citation omitted). Unlike Nealey, here there was no "unreasonable delay" or footdragging by NewVector in the face of Metro's efforts to move the litigation along. Nor did the district court warn NewVector that dismissal was forthcoming. See West Coast Theater Corp. v. Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). The "court's need to manage its docket" is a factor we consider in support of a dismissal for failure to prosecute. Citizens Utilities Co. v. AT&T, 595 F.2d 1171, 1174 (9th Cir.), cert. denied, 444 U.S. 931 (1979). We also recognize more than one way to protect that interest, and the court should have given NewVector some indication that its actions were frustrating the court's docket management efforts. See Hamilton, 811 F.2d at 500.
 
 
 5
 Metro cites Morris v. Morgan Stanley & Co., 942 F.2d 648 (9th Cir. 1991), for the proposition that no warning from the court is required when dismissal follows a noticed motion under Rule 41(b). However, Morris only held was that there was no per se rule making an express warning a prerequisite to dismissal pursuant to Rule 41(b). Id. at 652. The absence of warning or other meaningful opportunity for the party to jump-start the litigation is, nonetheless, relevant. Morris noted "ample evidence, including discussions at five separate status conferences, that the court warned Appellants about their dilatory behavior." Id. As did the Morris court, we consider the existence or absence of a warning a relevant factor in determining whether a case should be dismissed for failure to prosecute.
 
 
 6
 The district court's dismissal was an abuse of discretion. See Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir.1981). We remand for reinstatement of NewVector's cross-complaint and prompt consideration of its motion for summary judgment.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3