Farzin MOHTADI; et al., Plaintiffs—
Appellants,

v.

TERAYON COMMUNICATIONS
SYSTEMS, INC.; et al.,
Defendants—Appellees.

No. 02–16824.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided June 9, 2004.

Jeffrey R. Krinsk, Esq., Mark L. Knutson, Esq., Amy L. Lepine, Esq., Finkelstein & Krinsk, San Diego, CA, for Plaintiffs–Appellants.

Seth D. Hilton, Esq., Christopher A. Patz, Esq., Morrison & Foerster, LLP, San Francisco, CA, for Defendants–Appellees.

Before: NOONAN, PAEZ, Circuit Judges, and SELNA,* District Judge.

* The Honorable James V. Selna, District Judge for the Central District of California, sitting by designation.

## MEMORANDUM **

Appellants Rick Bertram, Farzin Mohtadi and George Yorg on behalf of themselves and others ("Stockholders") appeal the District Court's dismissal for failure to prosecute their action against Terayon Communications Systems, Inc. and company officials (collectively, "Terayon") alleging violations of California's Unfair Competition Law ("UCL"), Bus. & Prof.Code §§ 17200, et seq. The Stockholders also contend that the District Court erred in failing to grant the Stockholders leave to file an amended complaint.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I. *Standard of Review.*

A district court's dismissal for failure to prosecute is reviewed for abuse of discretion. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir.1994); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 650 (9th Cir.1991).

The relevant factors in considering a dismissal for failure to prosecute are: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy of favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (1998) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). A dismissal may be affirmed where "at least four factors support dismissal, or where at least three factors strongly support dismissal."

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir.1999).

Denial of leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir.1996).

### II. *Dismissal for Failure to Prosecute.*

The Stockholders attack the District Court's dismissal for failure to prosecute on the grounds that it was based on erroneous facts, denied the Stockholders the opportunity to be heard, and failed to consider the required factors. The Stockholders' arguments are meritless.

### A. *The District Court's Dismissal Did Not Rely on Erroneous Facts.*

The Stockholders assert that the District Court was under a mistaken belief that the Central District had terminated the case, citing the District Court's July 9, 2001 statement: "[t]here's nothing to consolidate. It's been dismissed. No amended complaint has been filed, no leave to file an amended complaint." However, the District Court's statement is not inconsistent with a belief that the case was dismissed without prejudice, as the Stockholders contend. Moreover, the District Court subsequently dismissed the case on its own, indicating that it did not in fact believe that the case was dismissed with prejudice to the Stockholders' right to join the *In re Terayon* litigation.[2] The notion that the Court believed that the dismissal was without prejudice is fortified by its

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural background of this case, we recount these only as necessary to explain our decision.

2. Specifically, the District Court noted:

   "I'm prepared to declare the case once and for all finally dead, without prejudice to the plaintiffs in the Bertram action being members of the class to the extent that they come within the purview of the class defined in the—how do we call it? In the Terayon litigation."

statement at the August 7, 2002 hearing (dismissal is not "with prejudice, but it is without prejudice"). Therefore, the District Court did not enter its order of dismissal based on erroneous facts.

B. *The District Court's Dismissal Did Not Deny the Stockholders Opportunity to Be Heard.*

■ The Stockholders were not heard at the initial July 9, 2001 case management conference because they failed to appear. Further, the Stockholders submitted two letter briefs concerning the proposed dismissal order. The parties also submitted a joint status report setting forth their respective positions concerning entry of the proposed order. On August 7, 2002, the District Court held a status conference and heard oral argument from the Stockholders' counsel.

Therefore, the Stockholders were provided ample opportunity to be heard by the District Court.

C. *The District Court Adequately Considered the Eisen Factors.*

■ The District Court did not make specific findings on each of the five *Eisen* factors, but it was not required to do so. *Henderson,* 779 F.2d at 1424. Because the District Court did not make explicit findings, we must "review the record independently to determine whether the court abused its discretion." *Id.* An independent review of the relevant factors strongly supports the District Court's dismissal for failure to prosecute.

1. Expeditious Resolution of Litigation.

In a dismissal for lack of prosecution "the court must find unreasonable delay." *Henderson,* 779 F.2d at 1423. In this matter, the District Court explicitly found that the Stockholders had delayed the litigation, stating "[t]here's nothing else to do,

counsel. You had over a year to do whatever you wanted to do, you didn't make any attempt to do it." It appears clear that the District Court found the delay unreasonable under the circumstances. The Stockholders' failure to request leave to amend until their June 27, 2002 letter to the District Court constitutes a delay of over one year from the March 27, 2001 dismissal of the original complaint.

Further, we are not persuaded that either *Flaska v. Little River Marine Constr. Co.,* 389 F.2d 885 (5th Cir.1968) or *Tolbert v. Leighton,* 623 F.2d 585, 586 (9th Cir. 1980) require a different result. In sum, this factor weighs in favor of dismissal.

2. Docket Management.

"This factor is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay." *In re Eisen,* 31 F.3d at 1452. "A reviewing court also gives deference to the district court here since it knows when its docket may become unmanageable." *Id.; Henderson,* 779 F.2d at 1423.

Viewed in conjunction with the public's interest in expeditious resolution of litigation, it appears that the delay was unreasonable. While the District Court did not make any explicit findings regarding the manageability of its docket, the District Court did make clear that the delay was grounds for dismissal. Giving deference to the District Court's knowledge of the state of its own docket, and its statement that the delay was unreasonable, this factor supports dismissal.

3. Prejudice to the Defendants.

The Stockholders argue that there was no risk of prejudice if the Stockholders' action was not dismissed. The Stockholders contend that no prejudice could inure

to Terayon because of the pendency of the Northern District action. The law creates a rebuttable presumption that unreasonable delay causes such prejudice; a presumption which may be rebutted by "an excuse for his delay that is anything but frivolous." *In re Eisen*, 31 F.3d at 1453.

The Stockholders' counsel conceded that the failure to appear was caused by "inexcusable neglect." Moreover, the Stockholders do not offer an excuse for their failure to take any action for the period of time between the July 9, 2001 case management conference and their first request for leave to file an amended complaint. This factor therefore supports dismissal.

### 4. Public Policy Favoring Disposition on the Merits.

Courts generally weigh this factor against plaintiff's delay and the prejudice suffered by the defendant. *In re Eisen*, 31 F.3d at 1454. The Stockholders argue that any perceived delay was the result of "procedural quagmires." As discussed above, this does not appear to be accurate. As a result of the dismissal without prejudice of the Stockholders' claims as class members, the Stockholders will have an opportunity to have their lawsuits adjudicated on the merits. The operative facts underlying both claims are identical.

The Stockholders object that they are barred from bringing their claims through their chosen counsel. However, the Private Securities Litigation Reform Act does not guarantee such a right. The Act provides that the District Court shall select one or more lead plaintiffs to prosecute the action on behalf of the class (15 U.S.C. § 78u–4(a)(3)(B)(i)), who, in turn, selects lead counsel. 15 U.S.C. § 78u–4(a)(3)(b)(v). This procedure has been followed for *In re Terayon*. Considering the Stockholders' delay, the presumed prejudice to Terayon, and the Stockholders'

ability to have their remaining claims litigated through the *In re Terayon* litigation, this factor also supports dismissal.

### 5. Availability of Less Drastic Sanctions.

A district court need not explicitly consider alternative sanctions for an order of dismissal to be upheld. *In re Eisen*, 31 F.3d at 1454–55. However, a "reasonable exploration of possible and meaningful alternatives" is required. *Anderson*, 542 F.2d at 525 (citing *Von Poppenheim v. Portland Boxing and Wrestling Comm'n*, 442 F.2d 1047 (9th Cir.1971)). Here, the District Court did undertake a reasonable exploration of possible and meaningful alternatives. Specifically, lead counsel for the *In re Terayon* class suggested that "the only other alternative I could imagine would be some sort of order to show cause why it shouldn't be dismissed, given the lack of prosecution." The District Court expressly considered and rejected this alternative, when it noted "that's like sending an invitation; you missed the first date, so why don't you show up for the second." The District Court's express consideration of alternatives is sufficient to withstand abuse of discretion analysis. *Morris*, 942 F.2d at 653. This factor supports the District Court's dismissal.

Because each of the five *Eisen* factors supports dismissal, the District Court properly dismissed plaintiff's action for failure to prosecute.

### IV. *Denial of Leave to Amend.*

█ The Stockholders additionally claim that the District Court's denial of the Stockholders' request for leave to amend was an abuse of discretion subject to reversal. However, a party need not be granted leave to amend under Federal Rule of Civil Procedure 15 if the amendment is brought with undue delay, bad faith, is futile or prejudices the opposing

party. *Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. 227.

Here, the District Court found that the Stockholders' delay was unreasonable and denied the request for leave to amend. Indeed, as the District Court explained "[t]here's nothing else to do counsel. You had over a year to do whatever it was you wanted to do, you didn't make any attempt to do it." The Stockholders also conceded that the delay caused by their non-appearance was "inexcusable." The District Court's denial was not an abuse of discretion.

## V. *Conclusion.*

For the reasons stated above, the District Court's dismissal for failure to prosecute and denial of leave to amend are AFFIRMED.

