**NOT FOR PUBLICATION**

FILED

NOV 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOMINGO PENA, | No. 16-56547 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-09216-VBF-SK |
| v. | |
| STUART SHERMAN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted November 27, 2018[**]

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

California state prisoner Domingo Pena appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition with prejudice for

failure to prosecute. We have jurisdiction under 28 U.S.C. § 2253(c). We review

for abuse of discretion, *see Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th

Cir. 1998), and we vacate and remand.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

In determining whether a Fed. R. Civ. P. 41(b) dismissal is appropriate, a court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to respondent; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.* at 399. We will affirm a Rule 41(b) dismissal only "where at least three factors 'strongly' support dismissal." *Id.*

We agree with Pena that a dismissal with prejudice for failure to prosecute was unwarranted. The record does not support the district court's findings of unreasonable delay or a risk of prejudice to respondent. *See Raiford v. Pounds* 640 F.2d 944, 945 (9th Cir. 1981) (no unreasonable delay when case was "not quite a year old" and defendants did not suffer actual prejudice); *Nealy v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280-81, 1283 (9th Cir. 1980) (holding that "only unreasonable delay will support a dismissal for lack of prosecution" and concluding the record did not support a finding of prejudice because defendant suffered no loss of evidence or memories). Moreover, the minimal delay that occurred in the early stages of Pena's habeas proceedings did not merit the drastic sanction of dismissal, particularly when weighed against respondent's lack of objection and the strong public policy favoring the resolution of Pena's constitutional claims on the merits. *See Hernandez*, 138 F.3d at 399-401; *Franklin v. Murphy*, 745 F.2d 1221, 1233-34 (9th Cir. 1984) (reversing dismissal for failure

2                                                                    16-56547

to prosecute because case was young and "[d]ismissal is a harsh penalty and should be imposed only in extreme circumstances").

We also conclude that the district court should have granted Pena's unopposed motion for reinstatement.[1] Pena was not provided adequate notice of what the district court would consider to be a "satisfactory" motion to reinstate. His timely response was typical of pro se prisoners who encounter difficulties when seeking assistance from fellow inmates, and itself demonstrated his intent to prosecute his case. Additionally, his motion attempted to cure his earlier failure to respond to the motion to dismiss by agreeing that the unexhausted portion of one of his claims should be stricken, and there is no suggestion that respondent would suffer prejudice if Pena's case is allowed to proceed.

Accordingly, the district court's final dismissal order is reversed, the judgment is vacated, and this case is remanded with instructions to reopen Pena's habeas proceedings.

**VACATED AND REMANDED.**

---

[1] Because the parties' briefs view the denial of Pena's motion to reinstate as intertwined with the final dismissal with prejudice, we construe this court's certificate of appealability as encompassing both rulings. *See Tillema v. Long*, 253 F.3d 494, 502-03 n.11 (9th Cir. 2001) (treating as certified a question regarding the meaning of language within 28 U.S.C. § 2244(d)(2) because the question "clearly is comprehended" in the certified issue); *Jones v. Smith*, 231 F.3d 1227, 1231 (9th Cir. 2000) (assuming that a certificate of appealability grant "encompasses any procedural claims that must be addressed on appeal").

16-56547