NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CANTRAN GROUP, INC., a California corporation, <br><br>      Plaintiff-Appellant, <br><br>   v. <br><br> CUPS, LLC, a Nevada limited liability company; SMA GROUP, LLC, a Delaware limited liability company; THE BRIAD GROUP, a registerd service mark; THE BRIAD RESTRAURANT GROUP, LLC, a New Jersey limited liability company, <br><br>      Defendants-Appellees. | No. 18-56545 <br><br> D.C. No. 2:18-cv-02044-R-RAO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 4, 2020[**]
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cantran Group, Inc. appeals from the district court's judgment of dismissal with prejudice as a sanction for failure to timely oppose defendants' Rule 12(b)(6) motions. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam), we reverse and remand.

While district courts have broad discretion to enforce local rules, *see Delange v. Dutra Constr. Co.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (per curiam), before dismissing an action as a sanction for noncompliance with those rules, a court is required to consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The public's interest in expeditious litigation plays only a negligible role here because resolving the motions on the merits would have required, at most, a brief continuance of the scheduled hearing date.

A plaintiff's willful impairment of a district court's docket management supports a dismissal sanction, *see Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995), but the district court's finding that Cantran engaged in a "pattern of repeated [filing] errors and local rule violations"

2

suggesting "more than mere inadvertence" is unsupported by the record. Cantran had no history of delay and promptly corrected deficiencies in its filings that the district court flagged. The district court improperly struck the amended complaint Cantran filed on June 4, 2018, on the basis that it required the court's leave. *See* Fed. R. Civ. P. 15(a)(1)(B).

While Cantran's untimely opposition briefs left defendants with less than a day to respond, the district court failed to consider sanctions less drastic than dismissal—such as extending defendants' time to respond or striking the opposition briefs—that would have resulted in no prejudice to defendants. Moreover, the public policy favoring resolution of disputes on their merits is particularly strong at the pleadings stage where, as here, the plaintiff has no history of dilatory tactics and the delay is only one week. *See Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981) (per curiam); *Tolbert v. Leighton*, 623 F.2d 585, 587 (9th Cir. 1980). *Ghazali*, which involved a post-pleadings dismissal sanction in the face of the plaintiff's failure to respond to discovery requests, is inapposite.

Under these circumstances, the district court's dismissal sanction was an abuse of discretion. On remand, the district court should consider the merits of defendants' motions to dismiss.

**REVERSED and REMANDED.**

3