OPINION AND ORDER

FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 1989, Governor Leroy Shingoitewa of the Upper Village of Moen-copi signed an order regarding the inheritance of land by Amy Gasdia. That order was certified by the Hopi Tribal Court on June 11, 1993. The Hopi Constitution, Article III, Section 2(c), vests trial courts with the authority to certify village orders in matters reserved to the villages. Both the village’s order and the trial court’s certifying order found Russell (CR No. 1470/93) and Virginia Gaseoma (CR No. 1469/93), appellants, to be trespassers on Amy Gasdia’s land. A copy of the certifying order was sent to counsel for appellants on June 16, 1993, and appellants’ notice of that order was never contested.
On August 2, 1993, appellants had still not left Gasdia’s land, and when asked to do so by a Tribal Peace Officer, they refused. They were arrested for Failure to Obey a Lawful Order of the Court. See Hopi Ord. 21, 3.3.84.[1] Appellants were found guilty on August 10, 1994. Orders of Judgement were entered on September 23, 1994. Appellants filed a Notice of Appeal on October 20, 1994, Although that notice was filed seven days too late (see H.I.R.C.C.P. 3(a)), this court excused that delay in this case. Court Order No. 3-28-96-4 (Mar. 29, 1996). The Hopi Tribe, respondent, was ordered to file a response brief within twenty days, but it elected not to do so.

DECISION

Appellants claim that because this case originated out of a civil matter, that the trial court erred as a “matter of law to allow [this] action to proceed as a criminal matter.” Appellants’ Brief at p. 2. That same issue was raised at the trial court level, and the trial court dismissed appellants’ argument. Tribal Court Decision of August 10,1994 at pp. 4-5. The trial court noted that appellants’ argument was one of first impression for the court, but it reasoned that “the Hopi Tribe may elect to use its criminal ordinance to enforce a lawful order of [that c]ourt[,]” (id. at p. 3.) and that “there is no requirement that civil contempt proceedings to enforce [a] civil order must be enforced before criminal charges can be filed.” Id. at p. 5. However, the trial court said that in reaching its decision, it did not have the benefit of any authority presented by the defendants (appellants in this case) to support their argument. Id. at p. 3.
As authority in their appeal, appellants rely on State v. Cohen, 489 P.2d 283, 15 Ariz.App. 436 (see Appellants’ Brief at p. *270 3.), which differentiates between' civil and criminal contempt. That case is not applicable to these facts, however, because appellants were not held in criminal contempt. Rather, they were convicted of a criminal statute for willfully refusing to obey a lawful court order. In their own brief, appellants concede that “[t]he action of failure to obey a lawful order of the court [comes] within the scope of a criminal offense.” Id,
Because appellants do not rely on any additional authority to support their argument, this court adopts by reference the trial court’s reasoning and holding of August 10, 1994. This court holds that the Hopi Tribe may elect to criminally prosecute the intentional or willful disobedience of a lawful court order, even though the underlying court order originates from a civil matter. This holding does not preclude the Hopi Tribe from pursuing other appropriate civil or criminal remedies to enforce its lawful judgments and orders.

ORDER OF THE COURT

It is hereby ORDERED that the consolidated appeal in the case of The Hopi Tribe v. Virginia Gaseoma (CR No. 1469/93) and The Hopi Tribe v. Russell Gaseoma, (CR No. 1470/93) is dismissed. The Hopi Tribal Court’s decision is AFFIRMED.

. Hopi Ordinance 21, section 3.3.84 states in relevant part: "Any Indian who shall intentionally and knowingly disobey or resist the lawful order ... of a Hopi Tribal Court shall be deemed guilty of [a criminal] offense.”