OPINION AND ORDER

FACTUAL AND PROCEDURAL BACKGROUND

Appellant Emil Honie, Sr. challenges (1) the trial court’s recognition and certification of the First Mesa Consolidated Villages’ decision with regards to a land use assignment of a parcel within the villages’ land holdings and (2) the trial court’s Order of Injunction against Appellant.
This case involves a dispute over the land use assignment of Lot # 24 within the First Mesa Consolidated Villages. Appellant Emil Honie, Sr., Clan Leader of the Tewa Sand Clan, asserts that Lot # 24 was properly assigned to a Phillip Fritz of the Tewa Sand Clan. Respondent Hopi Tribal Housing Authority (“HTHA”) asserts that Lot # 24 had been properly assigned to Deborah Pablo by the First Mesa Consolidated Villages and it subsequently entered into a contract with M. Greenberg Construction to build a home for Deborah Pablo on Lot # 24.
During the construction of the home on Lot # 24, Appellant is alleged to have threatened employees of Greenberg Construction and otherwise interfere with the construction of the home. During one incident, Appellant is alleged to have made remarks to Greenberg employees while holding a steel pipe. During another incident, Appellant is alleged to have hit a back hoe with a baseball bat while it was being operated by a Greenberg Construction employee.
On July 30, 1996, Respondent Hopi Tribal Housing Authority (“HTHA”), filed its Complaint for Injunctive, Declaratory, and Monetary Relief. Also, on July 30, 1996, Respondent HTHA filed its Motion for Temporary Restraining Order. The Defendants, including Appellant Honie, were *349 served with the Complaint and Summons and HTHA’s Motion for Temporary Restraining Order.[1] Answers to the complaint were not filed in this case.
In its Order, filed August 1, 1996, the trial court denied HTHA’s Motion for a Temporary Restraining Order and set a hearing on the Complaint for Injunctive, Declaratory, and Monetary Relief for August 13, 1996. On August 13, 1996, however, the trial court stayed the proceedings and “remanded” to the First Mesa Consolidated Villages the land assignment issue for resolution.
On September 20, 1996, the First Mesa Consolidated Villages (“FMCV”) filed with the trial court the villages’ Notice of Decision. Included with the Notice of Decision was Land Use Assignment Resolution No. FM-96-06 in which the FMCV abrogated previous land assignments of Lot # 24 to both Deborah Pablo and Phillip Fritz and granted a Land Use Assignment of Lot # 24, dated September 19, 1996, to Deborah Pablo. The resolution also set forth the “proper format and procedure for acquiring all future land assignments by the FMCV.”
On September 30, 1996, the trial court filed its Recognition of Decision of First Mesa Consolidated Village in which the trial court recognized and certified the villages’ decision. No healing was held by the trial court prior to its recognition and certification of the villages’ decision.
On October 22, 1996, just prior to the commencement of the hearing on Plaintiffs request for injunctive relief, Appellant Honie and the other defendants filed their Motion to Set Aside and Quash the Order. The trial court denied the defendants’ motion after brief arguments on the issue. An evidentiary hearing was then held on HTHA’s request for injunctive relief. At the conclusion of the evidence, the trial court granted in part and denied in part Plaintiffs request for injunctive relief. The trial court found that Appellant posed a clear threat to workers and future construction on Lot # 24 and if granted HTHA’s request for a permanent injunction enjoining Appellant Honie from going on or near Lot # 24 in FMCV or from otherwise interfering with future construction on the lot. The trial court denied HTHA’s request for injunctive relief against the other defendants.
The hearing on HTHA’s request for monetary damages was continued until November 20, 1998. On November 7, 1996, the Defendants filed a motion to continue the hearing on damages until December 3, 1996.
On November 18, 1996, prior to the scheduled hearing on monetary damages, Appellant Emil Honie, Sr. filed a Notice of Appeal in the trial court. The hearing on HTHA’s request for monetary damages has not yet been held.

ISSUES PRESENTED

Although Appellant has raised a number of issues on appeal, this Court must first decide whether the challenges by Appellant are properly before this Court. If this case is properly before this Court, then one issue that would need to be determined is whether the trial court erred when it failed to hold a hearing with notice to all parties prior to its September 30, 1996 recognition and certification of the FMCV decision with regards to the land use assignment on Lot #24. Review of other issues presented to this Court are *350 not discussed for the reasons set forth herein.

DISCUSSION

1. THIS COURT MAY REVIEW THE TRIAL COURT’S ORDER OF RECOGNITION OF A LAND ASSIGNMENT DECISION OF THE FIRST MESA CONSOLIDATED VILLAGES.
A. Jurisdictional Review.
Although neither of the parties raised the issue of whether this Court has jurisdiction to hear the instant appeal, this Court has a duty to inquire whether it has jurisdiction to consider the matters before it. See Abril v. Harris, 157 Ariz. 78, 754 P.2d 1353 (1987); Musa v. Adrian, 130 Ariz. 311, 636 P.2d 89 (1981).
Section 1.2.5 of Hopi Ordinance 21 sets forth the general jurisdictional limitations of this Court and provides that this Court shall have jurisdiction to hear appeals from final judgments and other final orders of the Tribal Court of the Hopi Tribe.
The issue of whether a certain order is a final judgment or other final order has never been directly addressed by this Court. Other jurisdictions have construed a final judgment as one which ends the litigation and leaves nothing for the trial court to do but to execute the judgment or which leaves no question open for any further judicial action. See Collard v. United States, 10 F.3d 718 (10th eir.1993); Warehouse Restaurant, Inc. v. Customs House Restaurant, Inc., 726 F.2d 480 (1984) citing Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); Matter of Appeal in Pima County Juvenile Action, 135 Ariz. 278, 660 P.2d 1205 (1982).[2]
Although Hopi Ordinance 21 does not provide this Court with jurisdiction to entertain interlocutory appeals, Rule 25(b) of the Hopi Indian Rules of Civil and Criminal Procedure does provide for the entering of a final judgment in cases of multiple claims on less than all of such claims. Under Rule 25(b), the trial court must specifically find that a final judgment on less than all of such claims is justified. Absent such a finding by the trial court, an order or decision will not terminate the action as to any of the claims until all claims are finally decided, nor will the appeal period commence to run.
In the instant case, Appellant filed his Notice of Appeal following the trial court’s Order of Injunction, filed November 4, 1996, and prior to the hearing on the issues of damages. Thus, the injunctive order was not a final judgment from which an appeal could be taken as issues were still before the court. Furthermore, the trial court did not make a specific finding that a final judgment on less than all of the claims was justified as set forth in Rule 25(b) of the Hopi Indian Rules of Civil and Criminal Procedure. As a result, an appeal could neither be taken from the Order of Injunction, filed on November 4, 1996, nor from the trial court’s recognition and certification of the First Mesa Consolidated Villages decision, filed on September 30, 1996. Such a procedural defect by Appellant would normally leave this Court without jurisdiction to entertain the instant appeal.
B. The Court ’s Review of an Extraordinary Writ.
This case, however, involves an issue of great public concern and no other plain, *351 speedy and adequate remedy appears to exist for review of the trial court’s actions on the certification issue.[3] Specifically, the issue of land use assignment decisions by the villages and the recognition and certification of such decisions by the trial courts continues to be a problematic area even after this Court’s decision in Johnson v. Belgarde, - I.L.R. - (1996) (AP-003-94), a case in which this Court discussed the importance of a village affording fundamental fairness to interested parties in the village decision-making process. The rights of interested parties must also be observed and ensured in the trial court’s recognition and certification process, as well. The trial court failed to provide an evidentiary hearing to all interested parties to ensure that the interested parties in this case were provided with a fundamentally fair opportunity to participate in the village decision-making process. Thus, review of the certification and recognition process of the trial court of the First Mesa Consolidated Villages’ decision is essential.
In addition, Rule 1(b) of the Hopi Indian Rules of Civil and Criminal Procedure allows for a liberal construction of the rules to secure a just, speedy, and inexpensive determination of every action. This Court can reasonably assume that the defendants in this case are not versed in sophisticated legal and procedural mechanisms and principles. Thus, while Appellant characterized his request for relief as an appeal, this Court believes that the pertinent rules and mechanisms should be liberally construed, pursuant to Rule 1(b) of the Hopi Indian Rules of Civil and Criminal Procedure, to treat the Appellant’s request for review of the trial court’s recognition and certification of the FMCV’s decision as a petition for an extraordinary writ for all of the reasons discussed above.[4]
II. THE TRIAL COURT SHOULD HAVE HELD AN EVIDENTIARY HEARING PRIOR TO ITS RECOGNITION AND CERTIFICATION OF THE FIRST MESA CONSOLIDATED VILLAGES’ DECISION ON THE LAND USE ASSIGNMENT.
A. Certification of Village Decisions.
A trial court has the authority to certify village orders in matters reserved to the villages. Gaseorna v. The Hopi Tribe, 1 Am. Tribal Law 268, — I.L.R. - (1997) (AP-010-93) citing Article III, Section 2(c) of the Hopi Constitution; see also Ross V. Suite; —— I.L.R. - (1991) (AP-010-88). Certification allows the trial court a means by which to formally recognize a village decision and to proceed to the enforcement of such village decisions with injunctive relief or other remedies.
*352 A trial court, however, must hold an evidentiary hearing to determine whether all interested parties have been provided with a fundamentally fair opportunity to participate in the village decision-making process before the court can recognize and certify the village decision. At a minimum, all interested parties should be provided with adequate notice and a meaningful opportunity to be heard in the village decision-making process. Johnson, supra. Only after the petitioner has established, through an evidentiary hearing, that the village has properly ensured that all interested parties have been provided with a fundamentally fair process in the village’s decision-making process may the court certify the village decision and proceed to consider any available remedies in the courts.
B. Procedures for the Trial Court’s Certification of a Village’s Decision.
As stated above, the trial court must hold an evidentiary hearing, and carefully consider the evidence adduced at such a hearing, before it may recognize and certify a village decision. Such a hearing should be held no earlier than sixty (60) days from the date of the request by the petitioner for certification by the trial court of a village’s decision and no earlier than sixty (60) days from the date that adequate notice has been provided.[5]
The burden of providing adequate notice to all interested parties is on the petitioner or party who requests certification by the trial court. Before a trial court may proceed with a hearing on the recognition and certification of a village’s decision, the petitioner or party who is requesting the trial court’s certification of the village decision must establish that adequate notice of the evidentiary certification hearing as set forth herein has been provided.
Although this process may appear to be somewhat burdensome, such a process shall be required should parties seek enforcement of village decisions in the tribal courts. The certification procedures are set forth to ensure that fundamental fairness under Hopi custom and tradition and due process considerations are observed.
C. Trial Court’s Certification Hearing and the Fundamental Fairness Requirement.
In Johnson v. Belgarde, — I.L.R. - (1996) (AP-003-94), this Court recognized the concept of fairness under Hopi custom and tradition. This Court stated that such fairness included, at a minimum; a requirement that governmental bodies provide parties with reasonable notice of a hearing and an opportunity to be heard. Id. at 3. While jurisdiction over land assignment disputes of farming land is with the villages, Article III, Section 2 and Article VII, Section 1 of the Hopi Constitution, see Ross, supra at 5, recognition and certification by the court of a village decision can be made only when it has been established that all interested parties have been provided a fundamentally fair process.
The burden at the evidentiary hearing to establish that the village has provided a fundamentally fair opportunity *353 to all interested parties in the village decision-making process is on the petitioner or party who is requesting the trial court’s certification of the village decision. All parties to the proceeding, and any other parties who claim an interest and who may move to intervene at the hearing, shall be provided with an opportunity to testify and present evidence that the village did not provide them with a fundamentally fair opportunity in the village decision-making process should that be the case. If the petitioner or party has failed to establish by clear and convincing evidence that the village has provided a fundamentally fair opportunity to all interested parties in the village decision-making process as described herein, then the trial court should deny the request for the trial court’s certification of the village decision.
D. Conclusions ore the Trial Court’s Certification of the Village’s Decision.
As set forth above, the trial court should have held a hearing with all of the procedural guarantees provided herein pri- or to the recognition and certification of the First Mesa Consolidated Villages’ decision to ensure that the Hopi custom of fairness as described in Johnson, supra, had been followed during the village decision-making process. Since the Order of Injunction, filed on November 4, 1996, was not a final judgment as discussed in Part I, Section A above, this Court will not review that order at this time.

ORDER OF THE COURT

It is hereby ORDERED that the trial court’s recognition and certification of the First Mesa Consolidated Villages’ decision, filed on September 30, 1996, is VACATED. The trial court shall hold a hearing within one hundred and twenty (120) days from the date of this opinion to determine whether the interested parties were provided with a fundamentally fair and meaningful opportunity to participate in the First Mesa Consolidated Villages decision-making process as set forth in this opinion. All procedural steps as discussed herein shall be followed. The Order of Injunction, filed on November 4, 1996, shall remain in effect until such determinations are made. Any relief from the injunctive order may be pursued by the affected parties by appropriate means.

. In addition to Emil Honie, Sr., other defendants included Louis Youvella, Juanita Healing, and Phillip W. Fritz.

. This Court does not attempt to provide a definition for "other final orders” under Section 1.2.5 of Hopi Ordinance 21 as this Court does not believe that such an issue pertains to this case.

. Under Rule 35 of the Hopi Indian Rules of Civil and Criminal Procedure, where no other plain, speedy and adequate remedy exists, relief may be obtained through an extraordinary writ which may be granted for various reasons, including;
(2) Where an inferior tribunal ... exercising judicial functions has exceeded its jurisdiction or abused its discretion; or
(3) Where the relief sought is to compel any inferior tribunal ... to perform an act which the law specially enjoins as a duty resulting from an office, trust or station ..., or
(4)Where the relief sought is to arrest the proceedings of any tribunal ... whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal ...
A basis for review exists in this case under any of the three reasons set forth above.

. This Court states that a liberal construction of the rules, as in the instant case, will be sparingly exercised by this Court and that parties and practitioners should follow the proper procedures set forth in the Hopi Indian Rules of Civil and Criminal Procedure.

. Adequate notice would include publishing notice of the trial court's certification hearing in a publication of general circulation in the Hopi jurisdiction and posting notice of the hearing in the village in which the subject property is located at the village community center. At a minimum, the notice should include the names of any known interested parties, the specific location of the land use assignment, including the village in which it is located and the location of the property within the village, and the time and date of the tribal court’s certification hearing of the village’s land assignment decision.