OPINION AND ORDER

FACTUAL AND PROCEDURAL BACKGROUND

The proceedings arose from a petition for dissolution of a marriage, the contested custody of three minor children and the division of community property and determination of child support obligations.
The relevant segment of the proceedings begin with Appellant’s 1/07/99 filing *348 of an answer and response to the Appel-lee’s motion for dissolution of marriage. The answer and response included specific counterclaims to the Appellee’s motion for dissolution of marriage in relation to custody of the minors and division of communal property.
The answer and response filing required a fee. The appellant upon attempting to file stated he would need to retrieve the fee amount and return to file. Appellant alleges he did so five minutes after the close of business hours on the last day within which he could timely file. However, Appellant has no receipt as evidence of this transaction and there is no computer entry reflecting the payment.
At a hearing on 3/26/99 the Appellee made a motion asking the court to reject the appellant’s answer and response to Appellee’s motion for dissolution of marriage on the ground that the filing fee had not been paid and the answer and response was thus not filed in a timely manner. The court granted the motion and dismissed the answer' and counterclaim on the grounds that there was no computer entry reflecting payment of the fee.
In the order issued three days later the court invited the Appellee to move the court for a default judgment. Appellee made the motion for default judgment. Notice of a default hearing was issued, the date set for 4/27/99 and subsequently continued to 5/24/99.
On 5/17//99 the appellant filed a motion for reconsideration asking for reinstatement of his answer and counterclaim. The motion also requested the matter be set for jury trial. On 5/24/99 the matter came before Judge Thomas who noted that the matter could be continued to a later date if there were objections to his presiding over the proceedings. The Appellee did object and the matter was reset for 5/26/99.
At that time the court denied appellant’s motion for reconsideration and entered the Appellee’s motion for default judgment. Appellee further requested a continuance in order to better prepare. The Appellant objected, requesting that the matter not be again continued. The Appellee then made a motion that the court reject Appellant’s request on grounds that in light of the court’s finding that he had failed to file an answer and response in a timely fashion, Appellant had no further standing to participate in the proceedings. The court granted the motion.
The court granted the motion for default judgment in favor of the Appellee.

SYNOPSIS

Appellant prays the court grant his writ of mandamus (extraordinary writ) pursuant to Hopi Rule 35 of the Hopi Indian Rules of Civil and Criminal Procedure (HIRCCP). As grounds the Appellant claims the trial court abused its discretion in granting a default judgment in a marital dissolution for failure of the Appellant to pay a filing fee.
Appellant’s petition is substantively inadequate.

DECISION OF THE COURT

I. APPELLANT’S PETITION FOR EXTRAORDINARY WRIT RELIEF FAILS TO MEET THE SUBSTANTIVE REQUIREMENTS.
Appellant filed a petition for extraordinary writ praying relief from a default judgment that had yet to be finalized. This pre-emption of the lower court and failure to exhaust the remedies at the lower court level render the petition inadequate on substantive grounds. Appellant argues that this Court has jurisdiction to grant injunctive relief in the form of an extraordinary writ under Honie v. Hopi *349 Tribal Housing Authority, 96AP000007, 1 Am. Tribal Law 346, 1998 WL 35281675 (Hopi C.A.1998.) We disagree.
A. Substantive Requirements.
Under both Hopi and U.S. law there are two substantive requirements for an extraordinary writ. Primarily, a specific grounds for which such relief can be granted must be present. (HIRCCP, Rule 35(a).) Next, the Appellant must have no other “plain, speedy and adequate remedy” for obtaining the relief sought. (Id.)
i. The Specific Grounds.
Appellant asserts he is entitled to relief in the form of an extraordinary writ on the grounds that the trial court abused its discretion in granting appellee a default judgment. As authority Appellant cites this Court’s decision in In re The Marriage of Myron AP-006-94 (March 27, 1995.)
Abuse of discretion is one of the four specific grounds for which an Extraordinary Writ may be granted. (HIRCCP, Rule 35(2).) The Code states that a writ may be granted “where an inferior tribunal . .. exercising judicial functions has exceeded its jurisdiction or abused its discretion.” (Id.)
Thus Appellant’s petition for Extraordinary Writ relief satisfies the first part of the substantive requirement for such relief, asserting a ground for which such relief can be granted.
ii. No Other Plain, Speedy and Adequate Remedy Available.
Appellant clearly had several remedies available to him at the lower level and with this court before needing to resort to a petition for extraordinary writ. Appellant’s primary remedy at the trial court level was to file a motion with the lower court seeking relief from the default judgment below pursuant to HIRCCP Rule 30(b)(7.) Had the motion to vacate been denied, Appellant could then have appealed to this court pursuant to HIRCCP 37(b). In the interim, Appellant had the option of filing a motion to stay the contested judgment until conclusion of the appeals process. (HIRCCP Rule 37(f)) Specifically related to the contested custody arrangement, the Appellant could have moved the court immediately to alter or amend the arrangement in “furtherance of justice.” (HIRCCP Rule 30(b)(7).)
Appellant chose to circumvent all of these remedies on two basis; (1) that the subject matter justified circumvention, and (2) under Houie the Appellant court can take jurisdiction over a case without the aggrieved party awaiting a final judgment from the trial court much less exhausting the available remedies. (Oral Argument May 25, 1999.) We find that neither basis is sufficient.
1. The subject matter does not excuse the Appellant from exhausting the available remedies.
Appellant claims that the involvement of minors renders exhaustion of the available remedies untenable. He contends that in light of his assertions of child neglect by appellee (the custodial parent) Appellant is excused from meeting the second requirement for writ relief, that, “no other plain, speedy or adequate remedy” exist. (See Infra.) We disagree.
As noted above, Appellant could have moved the court immediately after the default hearing to alter or amend the custody arrangement in “furtherance of justice” under HIRCCP Rule 30(b)(7). Failure to do so was unreasonable.
*350 2. Honie does not excuse Appellant from exhausting the available remedies.
Section 1.2.5 of Hopi Ordinance 21 sets forth the general jurisdictional limitations of this Court and provides that this Court shall have jurisdiction to hear appeals from final judgments and other final orders of the Tribal Court of the Hopi Tribe.
In Honie this Court acknowledged that Hopi Ordinance 21 does not “provide this Court with jurisdiction to entertain interlocutory appeals.” (Honie at 5.) However it took jurisdiction because the case “involved an issue of great public concern ... specifically the issue of land use assignment decisions by the villages and the de facto recognition and certification of such decisions by the trial courts.” (Id. at 6.)
This contrasts sharply with the present case in two ways. In Honie the case involved an appeal claim based on an issue of public policy. Appellant here does not claim that, like Honie, the issue upon which this appeal is based is an issue of public policy warranting this Court’s taking jurisdiction where it normally would not. Appellant claims only that he is aggrieved with the trial courts decision and this Court should grant him relief.
We decline to do so. Any other decision would welcome a barrage of petitions stemming from other cases, with similarly limited public policy ramifications. It would greatly undermine the rules of this Court. It was for this reason that in Honie we specifically noted that, “liberal construction of the rules, as in the instant case, will be sparingly exercised by this Court ... parties and practitioners should follow the propei' procedures set forth in the HIRCCP.” (Id. at 7.)
The case at bar also differs from Honie in a second respect. Honie presented only a question of law. The aggrieved party was appealing for review of the trial court’s execution of a village decision recognition and certification process. (Id. at 6.) The writ in Honie asked only that this Court determine whether under the law the trial court had done so inadequately, no facts vis a vis the village decision in question were vital to that determination. (Id. at 7.)
In contrast, Appellant here requests that we consider the facts he was unable to present at the trial court level because his answer and response was untimely filed, and upon the basis of those facts grant him his requested relief. It is not the role of this Court to determine the facts of a case.
Ultimately Horde does not create an exception to the usual rule that one must await final judgment before an appeal will lie. It created a narrow exception based on a case which presented a serious issue of public policy and which did not require this court to engage in fact-finding. The case at bar is dissimilar. It does not present any serious issue of public policy and it asks specifically that this court behave as a fact finding entity.
In Honie this Court admonished that the “liberal construction” of the procedural rules which was taken in that case, would be “sparingly exercised” by this Court. It is within the discretion of this Court to find that a case does not justify such construction and we so find in relation to this case.
It is the opinion of this Court that the appropriate procedure in this matter would have been for Appellant to move the trial court for reconsideration of the default judgment below, then appeal the denial (if appropriate) of the motion to recondite.

CONCLUSION

In pre-empting a final judgment by the lower court and failing to exhaust the rem *351 edies available through the lower court and the appeals process, Appellant has failed to satisfy the substantive elements required for granting of his petition for extraordinary writ.

ORDER OF THE COURT

The Petition for Extraordinary Writ is DENIED.