OPINION AND ORDER

BRIEF STATEMENT OF FACTS

Petitioner Riley Sunrise Quoyameva is a member of the Hopi Tribe. He claims that he is legally entitled to use land within the holdings of the Village of Sipaulovi pursuant to a land assignment from the village in 1959. Petitioner buried his wife, a non-Indian, and his son, a member of the Hopi Tribe, on the subject land.
On July 27, 2000, the Village of Sipaulovi (Respondent/Real Party in Interest) filed a complaint in the Hopi Tribal Court against Petitioner, alleging that Petitioner was unlawfully occupying certain lands within the Village and that he unlawfully interred the remains of his wife and son. In its complaint, Respondent sought enforcement of its request to have Petitioner disinter these remains.
Petitioner filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the Native American Graves Protection and Repatriation Act (NAGPRA)[1] preempts Tribal Court jurisdiction. The trial court denied the motion. Petitioner now seeks extraordinary relief from the Appellate Court. Petitioner argues that the Federal District Court is the proper venue for this action and requests that the Appellate court reverse the lower court’s decision and dismiss the case for lack of subject matter jurisdiction.

DISCUSSION

I. The Hopi Appellate court will review the trial court’s actions where there is no other adequate judicial form of review.
This is not an appeal from a final order. Petitioner seeks review in the form of an extraordinary writ. When a case “involves an issue of great public concern and no other plain, speedy and adequate remedy appears to exist for review of the trial court’s action,” the Appellate Court may grant review via a petition for extraordinary writ. Rule 35(a)(2) of the Hopi Indian Rules of Civil and Criminal Procedure (HIRCCP); Honie Hopi Tribal Housing Authority, 96AP000007, 96CV000192, 1 Am. Tribal Law 346, 350-51, 1998 WL 35281075 at. *3 (1998).
The Hopi courts have not yet addressed Appellate jurisdiction to review petitions for extraordinary writs where the issue at hand is preemption of subject matter jurisdiction. When Hopi law does not specifically address an issue, Arizona law may be used as persuasive authority. Hopi Resolution H-12-76.
In Arizona, special actions have replaced former extraordinary writs; writs of cer-tiorari, mandamus, and prohibition. A.R.S. § 12—120.21 (A)( 1). “The only questions that may be raised in a special action *418 are: (a) Whether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by-law as to which he has no discretion; or (b) Whether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority; or (c) Whether a determination was arbitrary and capricious or an abuse of discretion.” A.R.S. § 12-120.21(A)(3). In the case at bar, Petitioner asserts that the lower court is attempting (or “threatening”) to proceed without jurisdiction.
Under Arizona case law, exercise of special action jurisdiction by an appellate court is appropriate where an issue is one of first impression of a purely legal question, is of statewide importance, is likely to arise again, and there is no adequate alternative remedy by appeal. Blake v. Schwartz, 202 Ariz. 120, 42 P.3d 6 (2002); Kadera v. Superior Court in and for Count of Maricopa, 187 Ariz. 557, 931 P.2d 1067 (1996). Preemption of subject matter jurisdiction is an issue of first impression for the Hopi courts.
Particularly on point with the present petition is Kadera v. Superior Court. In Kadera, plaintiff brought a summary eviction proceeding against its shareholders. The shareholders filed a motion to dismiss for lack of subject matter jurisdiction, claiming that the federal National Housing Act (NHA) preempted state law. The Superior Court of Maricopa County denied the shareholders’ motion to dismiss and entered an order scheduling trial. Petitioners filed a special action. The Court of Appeals accepted jurisdiction and held that NHA did not preempt state law.
II. Acceptance of special action jurisdiction is highly discretionary.
Special actions request extraordinary relief, and acceptance of jurisdiction of a special action is highly discretionary with the court to which the application is made. A.R.S. § 12-120.21 (A)(3), State Bar Committee Notes; Danielson v. Evans, 201 Ariz. 401, 36 P.3d 749 (2001); Lloyd v. State Farm Mut. Auto. Ins. Co., 189 Ariz. 369, 943 P.2d 729 (1996).
The Hopi Rules of Civil and Criminal Procedure also imply this discretion. “[RJelief may be obtained by obtaining an extraordinary writ which may be granted.H.I.R.C.C.P. 35(a) (emphasis added). The Appellate Court may or may not choose to review a petition for extraordinary writ and this discretion is applied on a case-by-case basis.
Because of the nature of this case and the sensitive issues surrounding the burial of human remains, the Appellate Court accepts jurisdiction to review Petitioner’s requested relief. Not only do the specific facts of this case warrant careful review, but in addition, the preliminary legal issue of subject matter jurisdiction is an issue that can adequately be addressed at this point.
III. Tribal Court jurisdiction is not preempted by NAGPRA.
The Hopi Tribal Courts are the proper forum for addressing matters concerning gravesites within the Hopi reservation. Petitioner argues that the Tribal Courts do not have jurisdiction to regulate reinterment of buried human remains. This argument is without merit and goes against the fundamental notion of tribal sovereignty.
Petitioner asserts that NAGPRA applies to the present matter and therefore the Tribal Courts are without jurisdiction to decide matters relating to Native American burials and excavations. This is a misreading of NAGPRA.
*419 Few courts have addressed the application of NAGPRA to facts analogous to the present case. In Kickapoo Traditional Tribe of Texas v. Chacon, the court analyzed the language of NAGPRA and its legislative history. 46 F.Supp.2d 644 (W.D.Tex.1999). The Court held that NAGPRA does not apply to recently buried remains that are of no particular cultural or anthropological interest. Id., at 650, 651. The Kickapoo court looked to the Archeological Resources Protection Act (ARPA), which is incorporated into NAGPRA, for guidance in defining “cultural and anthropological significance.” ARPA clearly states that “[n]o item shall be treated as an archeological resource ... unless such item is at least 100 years of age.” 16 U.S.C, § 470, 470bb(i). As in Kickapoo, the remains in this action are not at least 100 years of age.
The purpose of NAGPRA can be clarified by examining the legislative history of NAGPRA’s enactment. The advisory committee notes indicate that there was a rising national concern regarding past removal of Native American remains and funerary items by people or entities other than the Tribe’s themselves. The Act set up a process by which federal agencies and museums inventory such remains and work with the appropriate tribes to reach agreement on repatriation. Further discussion regarding NAGPRA’s purpose indicates that the protections afforded by the Act are a result of extensive excavation of Native American human remains by non-Indians. The permit requirements in NAGPRA were incorporated to prevent future activity of this sort.
In the present case no outside, non-Indian person or entity has attempted to interfere with Tribal remains. Nowhere in the text of NAGPRA or its legislative history is there any suggestion that the Act was intended to interfere with purely in-tra-tribal regulation of burial practices. In fact, NAGPRA provides that “[n]othing in this chapter shall be construed to limit any procedural or substantive right which may otherwise be secured to.individuals or Indian tribes.... ” 25 U.S.C. 3009(4). NAGPRA does not divest tribes of their substantive and procedural right to regulate the burial of human remains and ensure that proper procedures are followed. This right can not be separated from the right to, enforce correction of improper or unauthorized burials.
IV. Even if NAGPRA applied to the remains at issue, federal jurisdiction would not be exclusive.
Petitioner argues that NAGPRA provides for exclusive federal court jurisdiction. Even if NAGPRA’s provisions applied to the remains at issue here, which this Court believes they do not, tribal jurisdiction would not be preempted.
Federal preemption may be explicit or implicit. Arizona Farmworkers Union v. Phoenix Vegetable Distributors, 155 Ariz. 413, 416, 747 P.2d 574, 577 (1986). Preemption is mandated if Congress expressly reserves to itself the exclusive power to regulate a given area of law. Id. Preemption is also mandated if, in the absence of an express statutory provision, the structure and purpose of a federal statute impliedly preempts state [or tribal] law. Id. Congress’ intention to preempt may be inferred from a statute in which “the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress” meant to exclusively occupy the regulatory field. California Federal Savings and Loan Association v. Guerra, 479 U.S. 272, 280-81, 107 S.Ct. 683, 689, 93 L.Ed.2d 613 (1987). Tim mere fact that Congress enacts a detailed regulatory scheme, however, does not by itself imply preemption. English v. Gen *420 eral Electric Co., 496 U.S. 72, 87, 110 S.Ct. 2270, 2279, 110 L.Ed.2d 65 (1990).
The question of Congressional intent is central to any analysis of preemption. Guerra, 479 U.S. at 280, 107 S.Ct. at 689. NAGPRA did not provide for exclusive federal court jurisdiction over NAG-PRA claims. Conversely, NAGPRA specifically provides that “fnjothing in this chapter shall be construed to limit any procedural or substantive right which may otherwise be secured to individuals or Indian tribes or Native Hawaiian organizations.” 25 U.S.C. § 3009(4).
Preemption doctrine adopted by the Supreme Court holds that certain matters are of such national, as opposed to local, character that federal law preempts or takes precedence over local laws. Hopi regulation of strictly local, domestic matters such as the burial of human remains, by Hopi people, on Hopi land, according to traditionally established places is a local matter and is not of national character.
It is well established that tribal courts have jurisdiction over civil matters involving purely domestic relations among tribal members. Williams v. Lee, 358 U.S. 217, 220, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959). The Hopi Tribe and its courts therefore have jurisdiction to hear matters that address issues of Hopi custom and tradition concerning strictly local issues, including those dealing with proper burial procedures.
NAGPRA is inapplicable to the present case and does not preempt Tribal Court jurisdiction. The Hopi trial court is free to decide the issues brought before it independent of NAGPRA. Therefore, the trial court ruling denying Petitioner’s motion to dismiss lor lack of jurisdiction was proper.

ORDER OF THE COURT

The trial court’s order denying Petitioner’s motion to dismiss for lack of subject matter jurisdiction is AFFIRMED.
JAY ABBEY, Recused.

. 25 U.5.C. § 3001 et seq.