OPINION AND ORDER
[1] In this appeal, this Court must decide whether the tribal court abused its discretion in denying Appellant’s motion to continue and whether the tribal court erred in dismissing the case with prejudice based on a stipulation by the parties. Finally, we must decide whether Respondent is eligible to receive attorney’s fees.

FACTUAL & PROCEDURAL BACKGROUND

[2] Appellant, the Cultural Preservation Board, consists of village members appointed to preserve the culture, traditions and ceremonies of the Mishongnovi Village. Respondent, the Mishongnovi Board of Directors, consists of village members elected pursuant to the “Village Operating Guidelines.” Respondent was first elected in 1988. Appellant was then formed and took over the village funds in 1992. In 1994, Respondent transferred the village funds from Appellant’s control into a new bank account that remains under the Respondent’s control. Appellant then brought this lawsuit claiming conversion and seeking replevin and declaratory relief. Both parties claim that they are the rightful governing body of the Mish-ongnovi village, and that the right to control the village funds belongs to them.
[3] After seven years of pre-trial litigation, on June 11, 2003, the trial date was finally set to hear the issues of the original complaint and the cross-complaint, which are essentially similar in their claims to a certain village fund. Prior to the hearing date, both parties submitted a list of witnesses that they intended on calling at trial.
[4] Mr. Jeffrey Porturica(“Counsel”) has been representing Appellant on this matter since September 9, 2002. There is no record of Counsel withdrawing as Appellant’s counsel, and Counsel does not dispute that he was not the Appellant’s legal counsel at the time of the trial. Moreover, Counsel was informed of the upcoming trial on June 11, 2003. The trial date set on the June 11, 2003 status hearing was then continued several times to the final December 2, 2003 date. There is *256 no evidence that Counsel was unaware that he was to appear for trial on December 2, 2003, and Counsel does not contest this fact.
[5] Owen Numkena, a member of the Cultural Preservation Board, was admitted to the hospital after a heart attack two weeks prior to the December 2, 2003 trial date. Appellant submitted a note, dated December 1, 2003, from Mr. Numkena’s doctor stating that Mr. Numkena has had multi-vessel bypass surgery and that he should avoid any stressful situation in the next 4-6 weeks. Mr. Numkena was released from the hospital on Thanksgiving Day, November 27, 2003, and did not inform Counsel of his medical situation until Monday, November 31, 2003. Counsel contacted opposing counsel, Michael Day (“Day”), to inform him of his intention to continue the trial, and Day stated that he would not object. On Tuesday, December 1, 2003, Counsel filed his motion to continue. Counsel conceded to this Court during Oral Arguments that he relied on the assumption that the court would grant his motion to continue and did not prepare for trial.
[6] On December 2, 2003, Mr. Charles Brandel, who was appearing in Counsel’ place for this motion only as a One-Time Special Appearance [1] appeared with none of his clients or witnesses. The court stated that it would hear the arguments for the Motion to Continue and asked Day what his position was. Day responded that he did not object to the continuance. The court then gave Mr. Brandel an opportunity to argue his motion for continuance. Mr. Brandel explained that Counsel was just recently notified of Mr. Numke-na’s medical condition and that Mr. Numkena was unavailable to appear in court due to his condition, therefore, Counsel could not proceed with the trial. The court noted that there were at least eight witnesses, other than Mr. Numkena, that were listed on the pre-trial statement jointly submitted by both parties. The court stated that those witnesses could be called first and then if Mr. Numkena is able, then his testimony could be heard. The court also suggested that if Mr. Numkena was still unavailable after the Appellant's case in chief, then the court could allow the Respondent’s case in chief to proceed until Mr. Numkena became available. The court also stated that the affidavit filed by Mr. Numkena was very similar in nature to the affidavits filed by two other witnesses, thus believed that it was not necessary to hear Mr. Numkena’s testimony first. In light of these accommodations, the court questioned Mr. Bran-del why the trial must be continued simply because one of the nine witnesses named in the pre-trial statement could not appear today. Mr. Brandel stated that he personally did not know that the day was set for trial and that he was only appearing for Counsel to argue the motion to continue. The court then reiterated that it did not see the need to continue the trial when there are eight other witnesses that could testify for Appellant. The court then stated that the Motion to Continue was denied.[2]
[7] The court granted a recess to allow Counsel to call and bring his clients and *257 witnesses to begin the trial. During this recess, Counsel, without his clients, and Day negotiated a stipulated motion to dismiss without prejudice. This stipulation stated that both counsels would agree to a voluntary dismissal without prejudice upon the condition that Appellant hand over to the Respondent keys to the community buildings, vehicles and all other properties.
[8] Back on the record, Counsel stated that he could not get a hold of his clients and witnesses to proceed with trial. However, he stated that he and opposing counsel have agreed to a stipulated dismissal without prejudice. After hearing the conditions of the stipulation, the court asked Counsel if he agreed to hand over the keys and the other mentioned properties. Counsel stated that he did not object to the conditions.[3] Again, the court asked Counsel if he was stipulating to a dismissal without prejudice with the condition that Appellant hand over all the keys and properties within the next 10 days and if the conditions are not met, and then the court would consider dismissing the case with prejudice. Counsel responded, “yes.”
[9] The court approved and entered an Order Granting Parties’ Stipulated Motion to Dismiss Civil Complaint, restating the conditions and including that if the conditions aren’t satisfied, the court would consider entering a dismissal with prejudice. Upon consulting his clients, Counsel notified the court that Appellant could not comply with the conditions set forth in the Order. On December 23, 2003, the court dismissed the case with prejudice in response to this notification. Appellant then filed this appeal claiming that the tribal court abused its discretion in denying its motion to continue and by dismissing the case with prejudice.

ISSUES PRESENTED ON APPEAL

1. Whether the tribal court abused its discretion by denying Appellant’s Motion to Continue.
2. Whether the tribal court erred in dismissing the case with prejudice.
3. Whether Attorney’s Fees should be granted to Respondents.

DISCUSSION

[10] This Court has jurisdiction to hear appeals from final orders of the Hopi Tribal Court. Hopi Tribal Ordinance 21, § 1.2 .5. A dismissal with prejudice is a final order since it “ends the litigation on the merits and leaves nothing for the [tribal] court to do but to execute the judgment.” See Horde v, Hopi Tribal Housing Authority, 1 Am. Tribal Law 346,1998 WL 35281675 (Hopi C.A.1998) (citing Collard v. United States, 10 F.3d 718 (10th Cir.1993)).
I. The Tribal Court Did Not Abuse Its Discretion in Denying Appellant’s Motion to Continue.
A. Appropriate Standard of Review Is Abuse of Discretion
[11] This Court has previously decided that “[t]he authority to decide *258 whether or not good cause has been shown for a continuance is entrusted to the sound discretion of the trial judge.” Myron v. Myron, (No. Not Assigned) Hopi App.Ct. (1995) (citing Martel v. Block, 34 F.3d 731, 733 (9th Cir.1994); Canon School District v. W.E.S. Construction Co., 177 Ariz. 431, 438, 868 P.2d 1014 (Ariz.App.1994)). “The decision of the trial court will not be overturned on appeal absent a clear abuse of discretion.” Id. Although there are no mechanical tests for deciding whether there was a clear abuse of discretion, the Appellate Court views the tribal court’s decision in light of the entire case to determine whether the tribal judge acted arbitrarily in denying the motion. Id. This Court is reluctant to question the tribal court’s judgment in deciding motions for continuances; however, where we find a “myopic insistence upon expeditiousness in the face of a justifiable request for delay,” this Court will find the tribal court’s decision a clear abuse of discretion: Id. (quoting Martel, 34 F.3d at 736).
B. The Appellate Court May Consider Relevant Factors.
[12] In determining whether the tribal court abused its discretion in denying a motion to continue, the Appellate Court considers several factors. First, the Court must look to the reason presented in support of the request for the continuance. U.S. v. Saccoccia, 58 F.3d 754 (1st Cir.1995). With this in mind, the Court must determine whether the movant improperly attempted to delay the hearing. This is a question of whether the movant requested a continuance in “good faith.” Myron. Other factors the Court may consider include the likelihood of injustice or unfair prejudice attributable to the denial of a continuance, amount of time needed for effective preparation, the amount of
time previously available for preparation and how assiduously the movant used that time, the availability of assistance from other sources, and the extent of inconvenience to others, including the court, witnesses and the opposing party. Saccoccia, 58 F.3d 754. See Myron; Hopi Tribe v. Gladys Suminimo, 00792 Hopi App.Ct. (1995).
C. Applying the Relevant Factors to the Instant Case,
[13] In this case, Counsel requested a continuance reasoning that he was unable to proceed with the trial as Mr. Numkena was unable to attend the trial due to his medical conditions. Appellant avowed that Mr. Numkena was his primary spokesman and not a trial witness. No other compelling argument was provided to convince the tribal court or this Court that a continuance was warranted.
[14] The tribal court was reasonable in finding that Counsel’s request for continuance was not made in “good faith.” Counsel failed to explain why and how Mr. Numkena’s presence was necessary to proceed with the trial. In fact, it is obvious from the record below and the oral argument that Counsel failed to prepare for the trial because he assumed that his motion for continuance would be granted.[4] Moreover, the tribal court stated that even if Mr. Numkena’s testimony was essential, there were other witnesses that could testify before him, allowing Mr. Numkena’s testimony to be heard at a later date. The tribal court went further and ensured Counsel that if Mr. Numkena still had not recovered by the time his testimony was due, the court would make further accommodations so that Mr. Numkena could be heard when he was available. Given the court’s accommodations, Counsel’s reason *259 for continuing the trial no longer supported the motion to continue.
[15] It is relevant that Counsel appeared alone with neither his clients nor witnesses. Moreover, Counsel had not prepared or summoned any witnesses, Under these circumstances, it was reasonable for the tribal court to believe that Counsel’s request for a continuance was not made in “good faith,” but that he was purposely attempting to delay the hearing because he was “wholly unprepared.” Many other factors fall in support of the tribal court’s decision. The trial date was set on June 11, 2003. Although the original trial date was continued several times to finalize at the December 3 date, Counsel was informed of the upcoming trial almost six months prior to the trial date. Counsel, who had been representing Appellant since 2002, had six months to prepare for the trial, yet he did not assiduously use that time to prepare, as evidenced by the lack of filed subpoenas. Moreover, the pre-trial witness list submitted by Appellant supports an availability of assistance irom other sources; thus, Counsel could have called other witnesses to testify.
[16] This matter has been in the court for over seven years. There have been numerous continuances filed and granted. This case has been depleting judicial resources for seven years. Delaying the trial would have inconvenienced not only the court, but also the witnesses and the Respondent. Finally, although the case resulted in a dismissal with prejudice, we do not find that the harsh result was directly attributable to the denial of a continuance, but because Counsel mistakenly assumed that the court would grant the continuance. It appears from the record below that Counsel stipulated to a conditioned dismissal without prejudice because that option provided a better solution than proceeding with the trial for which he was wholly unprepared. It was not the court’s denial of the motion for continuance, but Counsel’s risky decision not to prepare for trial that resulted in the dismissal of the case.
II. The Tribal Court Erred in Dismissing the Case with Prejudice.
A. There Was No Stipulation.
[17] The HIRCCP Rule 16 provides the standards for dismissing a case. Rule 16 is analogous to the Federal Rules of Civil Procedure Rule 41. Under Rule 41(a), a stipulated dismissal is a “voluntary dismissal” that must be signed by all parties and does not require court approval. Fed. R. Civ. Pro. Rule 41. The rule requires mutual consensus between all of the parties. 9 Fed. Prae. & Proc. Civ.2d § 2363. In effect, a stipulation to dismiss is a settlement agreement between the parties. Parties may determine the conditions of the stipulation just as they may determine the terms and conditions of a settlement agreement. Id. Since it is a form of settlement, both parties must mutually agree to the conditions for a dismissal to be “stipulated.”
[18] This Court finds that a “stipulated dismissal” of a case requires, at the least, voluntary verbal or written consent by both parties agreeing to the terms of the dismissal. If a stipulated dismissal does not meet this requirement, then it is within the tribal court’s discretion to proceed with the ease in the manner it deems appropriate. See U.S. ex rel. Haskins v. Omega Institute Inc., 11 F.Supp.2d 555 (D.C.N.J.1998)(finding that a stipulation must be signed by all parties who have appeared in the action, and the document submitted by the plaintiffs did not meet this requirement, thus leaving a grant of dismissal in the discretion of the court).
*260 [19] Here, Appellant did not consent to the conditions of the “stipulated dismissal.” The records show that Counsel did not consult with his client about the conditions of the stipulation. Moreover, it is evident that Counsel was not given authority by Appellant to negotiate the keys and other properties with opposing counsel. In fact, Counsel was completely unaware of the nature of the keys—“Absent anybody to talk to about this ... my client, I just would have to not object to that. I don’t have any ... I don’t see any great problem with it. It was my understanding that all that was already ... I thought that was already accomplished ... that building belongs to the people of the village, in my opinion, anyway ... they can utilize ... I don’t have great objections with that. I don't have them here.” Even if the tribal court believed that Counsel was representing his client’s will in entering into a stipulation, it is beyond the scope of Counsel’s professional responsibility to stipulate to a dismissal of a case without explicit authority from his client to do so. Out of fairness to the litigants, under these facts, we cannot extend the power of attorney to such extent.
[20] In light of the fact that there was no stipulated dismissal, the tribal court erred in entering an order granting the dismissal based solely on the stipulation. Moreover, even had there been an acceptable stipulated dismissal where both parties voluntarily consented to the conditions, the Court has no authority to interfere by setting its own conditions to such settlement in this case, by turning the dismissal without prejudice into a dismissal with prejudice when conditions weren’t satisfied. In such cases, the tribal court would be faced with the same responsibility as it would if a party failed to fulfill his duties in accordance to a settlement agreement.
[21] Consequently, this Court finds that it was clear error for the tribal court to enter an order granting the parties’ stipulated dismissal.
B. Tribal Court Erred in Entering Order to Dismiss With Prejudice.
[22] The question of whether the tribal court may enter an order dismissing a case with prejudice based on a previous conditional stipulation is a question of law. Thus, this Court will apply de novo review to this issue. See Coin v. Mowa, 00595 Hopi App.Ct. (1997).
[23] The tribal court entered an order to dismiss the case with prejudice because the Appellant intended not to comply with the conditions set in the stipulation. The tribal court found that “the [Appellant] violated the terms of the parties’ stipulation and ... failed to abide by the Order Granting Parties’ Stipulated Motion to Dismiss Civil Complaint[;]” therefore, it dismissed the case with prejudice. The tribal court erred in entering an order dismissing the case with prejudice based on a defective stipulation and therefore, an erroneous order.
C. This Case was Involuntary Dismissed.
[24] As discussed above, this Court has held that the previous stipulation was defective and the previous order erroneous; thus, we view this particular dismissal with prejudice as an independent involuntary dismissal. Involuntary dismissals are subject to the rules set forth in HIRCCP 16(b).
HIRCCP 16(b) states in part:
b) Involuntary Dismissal. A party against whom a claim has been made may move the court to dismiss the claim of the adverse party upon any of the following grounds:
*261 1) failure of the adverse party to pursue prosecution of his claim; or
2) failure of the adverse party to comply substantially with these rules; or
3) failure of the adverse party to comply with an order of the court; or
4) at the close of the presentation of the other party’s evidence and without prejudicing his own light to present evidence, failure of the opposing party to establishing a right to relief based on the facts and law presented;
5) whenever dismissal appears proper based upon a failure to provide a claim.
Although the Rule states that a “party” must move in order for the court to dismiss a case, this issue has been previously adjudicated in the United States Supreme Court, which found that despite the particular language in the Rules, the court has inherent power to dismiss a case sua sponte for lack of prosecution. See Link v. Wabash, 370 U.S. 626, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) (stating that the authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an “inherent power,” governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases). We find this ruling persuasive and conclude that the Hopi Tribal Court has inherent power to dismiss a case sua sponte upon making clear findings of fact for any of the five grounds stated in HIRCCP 16(b).
[25] Pursuant to HIRCCP 16(b), the court may not dismiss a case involuntarily (i.e., dismiss with prejudice) unless for the stated five grounds listed in 16(b)(l)-(5). Here, nothing in the court’s order articulates findings of facts supporting any of the five grounds for dismissal. Therefore, we remand to the tribal court to make findings of fact consistent with this order.[5]
III. Respondent is Not Entitled to Attorney’s Fees,
[26] Respondent claims that they aré entitled to receive attorney’s fees pursuant to HIRCCP 25(e). The rule states that this Court shall not grant attorney’s fees unless such have been specifically provided tor by a contract or agreement of the parties under dispute, or unless it reasonably appears that the case has been prosecuted for purposes of harassment only, or that there was no reasonable expectation of success on the part of the affirmatively claiming party. The Court finds that none of these exceptions exist. It is clear that the Appellant prosecuted this claim to gain control over the village funds and establish governmental authority over the Mishong-novi village. Moreover, having found that *262 the tribal court erred in its judgment, we do not find the argument that “there was no reasonable expectation of success on the part of the affirmatively claiming party” convincing. Therefore, the Court finds that Respondent is not eligible to receive attorney’s fees.

CONCLUSION

[27] We find that the tribal court did not abuse its discretion in denying Appellant’s Motion to Continue.
[28] We find that there was no mutual consent to the stipulated dismissal. Therefore, we conclude that the stipulation, upon which the tribal court’s Order Granting Parties’ Stipulated Motion to Dismiss without Prejudice and Dismissal with Prejudice were based, was defective.
[29] We find that the tribal court erred in dismissing the case with prejudice because the dismissal was not based on one of the five permissible grounds enumerated in Rule 16(b).
[30] The Respondent is not eligible to receive attorney’s fees. There is no evidence that the Appellant prosecuted the case for the purposes of harassment only. Also, given the fact that this Court does find the tribal court in error in dismissing the case, we find the claim that there was no reasonable expectation of success on Appellant’s part unconvincing.
[31] The judgment is AFFIRMED in part, and REVERSED and REMANDED in part.

ORDER OF THE COURT

[32] This case is REMANDED to the tribal court for further findings consistent with this opinion.

. On December 2, 2003, Mr. Porturica filed a Notice of Special One-Time Appearance of Counsel Charles T. Brandel Jr. Mr. Brandel appeared for Appellant to argue the Motion to Continue. After the Motion to Continue was denied, the court took a recess allowing Mr. Porturica to appear for Appellant to proceed with trial.

. It is also stated that the motion to continue is denied in the Order Granting Parties’ Stipulated Motion to Dismiss Civil Complaint, filed December 3, 2003.

. On the record, Mr. Porturica stated, "Absent anybody to talk to about this ... my client, I just, would have to not object to that. I don’t have any ... I don’t see any great problem with it. It was my understanding that all that was already ... I thought that was already accomplished ... that building belongs to the people of the village, in my opinion, anyway ... they can utilize ... I don't have great Objections with that I don't have them here. They're not here. I sent them a letter ... all of them about this, but after talking to Mr. Numkena yesterday ... I did tell him that because Mr. Day was not going to object to the continuance that this would not be going forward, so I didn't think that we’d have any need to have ... I made an assumption. I apologize.” December 2, 2003.

. Mr. Porturica conceded this fact during Oral Arguments before this Court.

. We note that the tribal court could have properly dismissed the case with prejudice based on the Appellant’s failure to prosecute the claim pursuant to Rule 16(b)(1). In that case, this Court would review the tribal court’s decision under the abuse of discretion standard. Dismissal with prejudice is a harsh penalty, thus it is to be imposed only in extreme circumstances. Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir.1981). There are several factors that must be weighed in determining whether to dismiss a case for lack of prosecution: 1) the public's interest in expeditious resolution of litigation; 2) the court’s need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1422 (9th Cir.1986) (citing Ash v, Cvetkov, 739 F.2d at 496). There must also be a showing of unreasonable delay. Id. The party must also be warned that dismissal is imminent. Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992). These are the standards that the tribal court must consider in dismissing a case with prejudice for failure to prosecute.