OPINION AND ORDER

FACTUAL AND PROCEDURAL BACKGROUND

[1] The parties dispute the ownership or possessory rights to a parcel of land and house in the north part of Hotevilla Village. Appellant, Laura Mae Keevama, is a member of Hotevilla Village currently residing in Winslow, Arizona. Appellant alleges that Respondent Shirley Seweyeste-wa resides in Upper Moencopi Village. However, Respondents claims that Ms. Seweyestewa has lived in the house in question since birth, more than sixty years.
[2] The facts according to Appellant are as follows: in Spring of 1986, Appel *337 lant’s late grandmother, Cora Talasintewa, owned the disputed property and orally transferred it to Appellant by taking her out to the property and pointing out the specific parcel of land in accordance with tradition and custom law. Appellant provided affidavits from three of her aunts, the daughters of Cora Talasintewa, attesting to this oral transfer.
[3] The affidavits from the aunts state that the disputed parcel and extensive surrounding land had originally belonged to their late grandmother, Pohomunum (Appellant’s great-grandmother). The aunts further state that Pohomunum’s brother, Poleyumptewa, built a home on Pohomu-num’s land with her permission. Later, another house was built on Pohomunum’s land for the late Sarah Gashweseoma, the wife of Poleyumptewa’s late son, Viness Poleymuptewa. That marriage ended in dissolution. Viness Poleyumptewa subsequently entered into a nonmarital relationship with another woman, Florine Hamana of Old Oraibi Village. The aunts’ affidavits indicate that the relationship between Viness Poleyumptewa and Florine Hamana lasted no more than three years. Appellant understands that Respondent Shirley Seweyestewa claims that she purchased the disputed parcel and house from Florine Hamana. In contrast, Respondents assert that the property was purchased prior to her birth by Ms. Seweyestewa’s parents, who lived there for fifty years.
[4] In August 2006, Appellant attempted to place building materials on the land and was blocked by Respondents. Respondents removed Appellant’s materials and began placing their own building materials in the disputed area. Appellant then made numerous requests to Respondents to meet and discuss their competing claims. According to Appellant, Respondents did not respond. On August 22, 2006, Appellant wrote a letter to Hotevilla Village Board of Directors complaining about the situation. The record does not indicate that the Hotevilla Village Board of Directors ever replied to Appellant.
[5] On January 3, 2007, Appellant filed with the trial court a Petition For Certification Of Inheritance; Petition For Temporary Restraining Order; Petition For Preliminary Injunction;[1] Motion For Order For Hotevilla Board Of Directors To Hear This Matter; and Motion For A Judge Outside The Territorial Jurisdiction To Hear This Matter. The Petition stated no facts or reasons supporting the request for a non-Hopi judge.
[6] Simultaneously, on January 3, 2007, notice was given to the Hotevilla Village Board of Directors that pursuant to Article III, Section 2 of the Constitution and ByLaws of the Hopi Tribe the trial court did not have original jurisdiction over this matter. The Village was informed that it had twenty days to notify the trial court whether it would handle the matter, intervene in the action, or delegate jurisdiction to the trial court. On January 5, 2007, Appellant wmote to the Hotevilla Village Board of Directors requesting that the Board hold a village meeting to certify Appellant’s inheritance of the parcel from Cora Talasintewa. On January 12, 2007, Hotevilla Village provided the trial court with a copy of an August 22, 2006, letter from the President of the Hotevilla Village Board of Directors expressly waiving and delegating all land dispute matters to the Hopi Tribal Courts.
[7] On January 16, 2007, Respondents filed a Motion to Dismiss Due To Lack Of Jurisdiction. The motion alleged that the land inheritance dispute was constitution *338 ally reserved to the villages and that therefore the matter was improperly before the trial court. Respondents further asserted that the trial court had no authority to order the Village of Hotevilla to schedule a meeting on the matter, that Appellant had not followed proper procedure under the Hopi Indian Rules of Criminal and Civil Procedure (“HIRCCP”) Rule 33(b) for requesting removal of a judge, and that the form of the petition was improper and the court could not provide the relief requested.[2]
[8] After multiple continuances, oral argument was scheduled and a hearing held on June 6, 2007, before Judge Delfred Leslie. At the hearing, both sides stated to the court that they would prefer an outside judge and expressed concern that Judge Leslie knew some of the proposed witnesses. Judge Leslie denied the motion as both sides had over four months to file a HIRCCP 33(b) petition for removal. Because the parties did not move for removal in a timely manner, the court found that their right to do so had been waived. The court also found it had proper jurisdiction to hear the matter because the Hotevilla Village Board had waived its jurisdiction to hear it in favor of the tribal courts.
[9] Lastly, the court found that there was no law authorizing a certification of a private individual’s decision, pursuant to Horde v. Hopi Tribal, Housing Authority, 96-AP-000007, 1 Am. Tribal Law 346, 1998 WL 35281675 (1998). The court suggested that Appellant might need to file another cause of action to request the relief she was seeking. The court dismissed the case without prejudice and repeated that Appellant could re-file a different cause of action.
[10] On June 14, 2007, the court filed its Finding Of Facts, Conclusions Of Law, And Judgment. The court held that it had jurisdiction to hear the matter and that the Hotevilla Village Board of Directors could not be forced to hear the case. The court further found that Appellant had not properly followed the proper Rule 33(b) procedure for removing a judge, and thus denied Appellant’s motion to disqualify the Hopi judges. Finally, the court found that it could not certify an unwritten decision made by a private individual, therefore the petition to certify Appellant’s inheritance was improper.
[11] On July 5, 2007, Appellant timely filed her Notice Of Appeal. Appellant raises the following issues on appeal:
1. Did the trial court err in denying Appellant’s motion for a non-Hopi judge to hear the case?
2. Did the trial court err in holding that it lacked the authority to certify an oral transfer of property by an individual?
3. Was Appellant required to post a bond on appeal?
4. Are Respondents entitled to either costs or attorney’s fees at this stage of the proceedings?
I. Non-Hopi Judge
[12] Our procedure for disqualification of judges is governed by HIRCCP 33(b), which requires that an affidavit be filed “as soon as practicable after a case has been assigned or ... bias or prejudice is known.”[3] HIRCCP 33(b). The affidavit *339 must state facts and reasons showing bias or prejudice of the sitting judge. Id. However, “the Court should allow Plaintiff sufficient time to file an affidavit that provides the facts and reasons.” Martin v. The Hopi Tribe, 95-AP-004. Appellant did not file an affidavit with supporting facts or reasons demonstrating bias or prejudice. In response to Respondents’ Motion To Dismiss Due To Lack Of Jurisdiction, Appellant merely replied that she would file an affidavit “if necessary.”
[13] Although counsels for both parties expressed at the June 6, 2007, hearing that they would prefer an outside pro tem judge, no specific facts or reasons were given beyond the general comment that Judge Leslie was acquainted with some of the witnesses. We have held that “[mjerely alleging social relationships is an insufficient basis for a claim of bias or prejudice to stand.” Hopi Tribe v. Nuvamsa, 2007-AP-2005 (2007). In the close community of Hopi, where many tribal members regularly attend the same social and ceremonial functions, some personal acquaintance of judges with witnesses and parties is inevitable. Additionally, Rule 33(b) is specifically concerned with bias related to a judge’s familiarity with a party. Thus, a generalized concern about potential prejudice because of judicial acquaintance with witnesses is even less persuasive.
[14] As the trial court pointedly noted, Appellant had over four months during which she could have filed an affidavit pursuant to Rule 33(b) in support of her motion to disqualify all Hopi judges. This is certainly “sufficient time” for an appropriate affidavit to have been filed. Appellant’s failure to timely follow the clear procedures of Rule 33(b) effected a waiver of her right to seek disqualification of the Hopi judges generally or of Judge Leslie in particular. We find no error.
II. The Trial Court Did Not Err In Dismissing The Case Without Prejudice, Because The Courts Ham No Authority To Certify An Oral Property Transfer In The Manner Requested By Appellant,
[15] We find that the trial court properly dismissed the underlying case without prejudice. HIRCCP Rule 16(b)(5) allows a court to dismiss a claim “whenever dismissal appears proper based on a failure to provide a claim.” HIRCCP 16(b)(5). The Hopi Tribal Courts have no authority to “certify” an oral transfer of property made by a private individual.
[16] Appellant sought the trial court’s “certification” of an oral transfer of property made by a private individual. We have held that “[a] trial court has the authority to certify village orders in matters reserved to the villages.” Honie v. Hopi Tribal Housing Authority, 96-AP-000007, 1 Am. Tribal Law 346, 351, 1998 WL 35281675, *3-4 (1998); see also Gaseoma v. The Hopi Tribe, AP-010-93, 1 Am. Tribal Law 268, 1997 WL 34678781 (1997) and Ross v. Sulu, 88-AP-010 (1991). Matters constitutionally reserved to the villages include “regulat[ing] the inheritance of property of the members of the villages.” Hopi Const., Article III, § 2(c). Certification allows the trial court to formally recognize and enforce a village decision, and to determine through an evi-dentiary hearing whether principles of fundamental fairness were adhered to in the village decisionmaking process. Honie, 1 Am. Tribal Law at 351, 1998 WL *340 35281675, *3-4. However, we have never extended Horde to “certify” decisions made by private individuals.
[17] Appellant raises our holding in Smith v. James, 98-AP-011 (1999), to support her contention on appeal that the instant case should be remanded for (a) a hearing to ascertain village practice and custom law regarding land inheritance and disputes and (b) a new trial in light of the relevant ascertained legal standards, where full evidentiary fact-finding can occur. In Smith, Hotevilla Village waived its constitutional jurisdiction to decide the dispute. Id. at p. 3. The appellees then brought a quiet title action. Id. The trial court held an evidentiary trial on the matter followed by a hearing concerning the custom and traditions of Hotevilla relevant to the matter. Id. at pp. 3-4. The Appellate Court remanded, setting forth the proper procedural order as being first a hearing on village practice followed by a fact-finding hearing. Id. at 6, 8-9. The Appellate Court further explicated proper procedures for the trial court to employ in conducting a hearing to find the custom law of a village. Id,, at pp. 11-12. Importantly, in Smith the parties were not asking us to certify a decision by a private individual. It was an action to quiet title. The difference is that in Smith, the court was asked to decide the matter through a form of action designed to determine a property dispute by evaluating all the relevant circumstances and evidence from both sides, rather than through a request to affirm a private individual’s decision.
[18] We agree with the trial judge that the court cannot and should not certify private individual decisions. However, both this court and the trial'judge are allowing Appellant to re-file her matter as a quiet title action.
III. Bond
[19] Because we choose affirm the trial court’s dismissal, there Is no need for Appellant to post a bond on appeal.
IV. Attorney’s Fees
[20] In their motion to dismiss this appeal, Respondents request $1,500 in “legal fees.” We assume Respondents request such fees as a consequence of the trial judge’s order in their favor dated June 14, 2007. Respondents do not specify whether they are requesting this amount for costs or for attorney’s lees. However, we find that Respondents are entitled to neither costs nor attorney’s fees.
[21] The awarding of costs is governed by HIRCCP 25(d). Rule 25(d) provides that “unless the court should otherwise direct, the court shall allow necessary costs and disbursements to the prevailing party as a matter of course. Such prevailing party shall file with the court a verified memorandum ... within five days of the entry of judgment.” HIRCCP 25(d). Judgment was entered on June 14, 2007. Respondents did not file a verifiable memorandum of costs within five days of the entry of judgment, nor at any other time. Because no memorandum of costs was properly filed, Respondents are not entitled to an award of costs.
[22] Attorney’s fees are governed by HIRCCP 25(e), vrtiich states that:
The court shall not award attorneys fees unless such have been specifically provided for by a contract or agreement of the parties under dispute, or unless it reasonably appears that the case has been prosecuted for purposes of harassment only, or that there was no reasonable expectation of success on the part of the affirmatively claiming party.
HIRCCP 25(e); see also Laban v. Yu Weh, Loo Pah Ki Community, 03-AP-000012, 4 *341 Am. Tribal Law 449, 2003 WL 25797118 (2003) (interpreting and applying HIRCCP 25(e)); Sipaulovi Village Board of Directors v. Quoyavema, 04-AP-000004, 6 Am. Tribal Law 410, 2005 WL 6241100 (2005) (same); Fredericks v. Village of Kykotsmovi, 03-AP-000015, 6 Am. Tribal Law 393, 2005 WL 6249759 (2005) (same). Respondents have not presented any legal authority for an award of attorney’s fees.

CONCLUSION

[23] We affirm the trial court’s decisions for all the foregoing reasons. Appellant may re-file an original petition to quiet title before the trial court at any time.

ORDER OF THE COURT

Respondents’ Motion To Dismiss this appeal is DENIED.
The trial court’s denial of the motion for outside judge is AFFIRMED.
The trial court’s dismissal of the case without prejudice is AFFIRMED.
Respondents’ request for legal fees is DENIED.

. On January 8, 2007, the trial court denied Appellant's Petition for Temporary Restraining Order and Petition for Preliminary Injunction.

. On January 30, 2007, Appellant filed her Response. Appellant stated that the trial court had concurrent jurisdiction over the matter, that she would “file an affidavit if necessary” regarding the requested removal of Hopi judges, and that the petition was proper.

. Title I, Chapter 5, of Ordinance 21 also addresses judicial disqualification, including *339 providing that no judge shall preside over a matter in which he has a direct interest or close family relation to a party. Ord. 21, 1.5.1. "Any litigant may raise any question of qualification of the judge.” Id.